## HOUSE v. WHITIS et al.

GUARDIAN AD LITEM. *Compensation.* Where there is no fund or property
in the control of the court belonging to a minor defendant, the court
will not allow his guardian *ad litem* and solicitor compensation out
of the fund belonging to his adversary. The court has a right to
command the services of counsel for persons unable to pay, in civil
as well as criminal cases.

Case cited: *Wright* v. *The State*, 3 Heis., 256.

Code cited: Sec. 3980.

### FROM WILLIAMSON.

Appeal from Chancery Court. W. S. FLEMING, Ch.

MCLEMORE & WALLACE for Hicks.

T. W. TURLEY for Merrill.

SNEED, J., delivered the opinion of the court.

The decretal order of the Chancellor in this case,
awarding compensation to the solicitor and guardian *ad
litem* of the minor party defendant, must be reversed.
The facts are that Merrill sold a tract of land to
Tullos Whitis, and at his request executed the bond
for title to Jas. M. Whitis, a minor son of said Tullos
Whitis, and the purchase money notes executed jointly
by the father and son. These notes were assigned to
the complainant House, who filed his bill to enforce
the vendor's lien. The defendants Tullos and James
Whitis answered, and in their answer insist that the
contract of sale was made with the minor defendant,

and the latter, in a cross-bill, insisted upon a recission of the contract on account of his minority. Merrill filed a cross-bill, alleging that the contract was made with the father and not the son; that what payments had been made were by the father, and that the son was a mere boy, destitute and penniless; that there had been no negotiation whatever between him and the son touching the trade, and that the attempt on the part of the father to treat it as the contract of the son was a fraudulent device and subterfuge to avoid his own contract. The son was made party defendant to this cross-bill of Merrill. The latter bill was sustained by the Chancellor, and upon appeal by this court the contract was held to be the contract of Tullos Whitis, the father. The land was ordered to be sold to pay the purchase money and enforce the vendor's lien. The proceeds of the sale were not enough to pay the debt and costs. The solicitor for the Whitises, and guardian *ad litem* of the minor, presented a petition to the Chancellor, asking compensation out of the fund thus arising from the sale, and the Chancellor fixed his compensation at twenty-five dollars, to be paid out of the fund.

We are aware of no principle upon which this order can be sustained. There was no fund or property in the custody of the court which belonged to this minor defendant, and the effect of the order was to compel his adversary to pay his debt. It would have been otherwise if there had been a fund in the control of the court belonging to the minor. In that case it is lawful and proper to allow compensation out

of the fund to the solicitor, who had rendered beneficial services in protecting the fund.

The principle of the organic law which forbids the demand of any man's particular services without just compensation has no application to such a case. The party claiming compensation must look to his own client, and not to his client's adversary in such a case.

In the case of *Wright* v. *The State*, 3 Heis., 256, it was held that counsel assigned to defend a prisoner who is unable to employ counsel are entitled to no compensation from the State or county. The court has a right to command the services of counsel for persons unable to pay, in civil as well as criminal cases. Acts 1821, ch. 22, sec. 3, 1857, ch. 58, Code, sec. 3980. Where a lawyer takes his license he takes it burthened with these honorary obligations. He is a sworn minister of justice, and when commanded by the court cannot withhold his services in cases prosecuted *in forma pauperis*.

Let the order be reversed and the petition dismissed with costs.