Argued September 24, affirmed October 2, petition for rehearing denied October 29, petition for review denied December 31, 1970

KEENE, *Appellant, v.*
JACKSON COUNTY ET AL, *Respondents.*

474 P2d 777

*William A. Mansfield,* Medford, argued the cause and filed the brief for appellant.

*J. Bradford Shiley, Jr.,* Special Assistant to the Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

Plaintiff appeals from an order of the circuit court dismissing the plaintiff's complaint against county and state, seeking fees in excess of those provided by statute for plaintiff's services as court-appointed attorney to defend an indigent on a misdemeanor charge in district court.

The part of ORS 135.330 applicable provides that where he is appointed to defend a misdemeanor charge the attorney shall be paid $50 per day for trial, not exceeding two days in any one case. Subsection (1) (f) of the same statute provides that in extraordinary circumstances payment in excess of the limits stated may be allowed if the presiding judge of the circuit court certifies such is necessary to provide fair compensation for protracted representation.

The circuit judge who heard this case stated the facts and the rationale of his decision in a manner upon which we cannot improve:

"In this case plaintiff who is duly licensed to practice law in the State of Oregon was appointed by the Court to represent an indigent on a misdemeanor criminal charge and was paid $25 for his services pursuant to ORS 135.330. Plaintiff in his complaint seeks to recover the sum of $150 which he alleges to be just compensation for the services that he rendered. The defendants, Jackson County, Oregon, and the State of Oregon, have filed separate demurrers to the plaintiff's complaint in which both defendants allege that plaintiff's complaint does not state a cause of action.

"The parties have filed memoranda in support of their respective positions and in plaintiff's memorandum he cites Article I, Section 10, Section 18 and Section 20 of the Constitution of Oregon and contends that under these sections the defendants

cannot demand his services without paying him just compensation therefor. In addition to citing the sections of the Constitution of Oregon the plaintiff cites the 14th Amendment to the Constitution of the United States. The defendants in support of their demurrers have cited three cases decided by our Supreme Court of the State of Oregon, the most recent case being that of State of Oregon v. Apodaca (1969), 87 Adv. Sh. 857. [State v. Apodaca, 252 Or 345, 449 P2d 445 (1969).]

"* * * In the Apodaca case, supra, our Supreme Court re-affirmed its previous decisions and held that attorneys fees should not be awarded in the absence of a statute authorizing such an award and this appears to be the holding in the vast majority of the jurisdictions which have passed upon this question. See 21 ALR 3d 819, 828, 830; United States v. Dillon (USCA 9 Cir., 1965), 346 F. 2d 633; 7 Am. Jur. 2d, Attorneys at Law, Section 207, page 167. Many excellent articles have been written on this subject, one of which is entitled "Slave Labor in Courts" which was written by Robert S. Hunter, former County and Circuit Judge in Illinois for Case and Comment. As indicated in Mr. Hunter's article the incredible increase in criminal cases in the past few years has resulted in a sharp increase in the burden placed on court-appointed attorneys by the courts, especially in small communities where the number of attorneys have not increased along with the increase in the number of criminal cases and what was previously a minor nuisance has now become an awesome burden for these lawyers. Mr. Hunter has entitled his article "Slave Labor" as it is generally considered to be a direct criminal contempt of court punishable by a fine or jail sentence or both for an attorney to refuse to serve at the court's request. * * * The obligation of attorneys to serve indigents charged with criminal offenses is an ancient and established tradition of the legal profession. An applicant for admission to practice law is deemed to be aware

of the obligation to represent indigents for little or no compensation and because of this according to the Dillon case, supra, cannot contend that it is a taking of his services without just compensation.

"* * * Plaintiff was compensated in accordance with the applicable Oregon statute and this Court cannot award him more than it is authorized to pay by statute. Plaintiff's complaint seeks to recover more than is authorized by statute and it does not state a cause of action."

Affirmed.