Petition for review denied December 31, 1970

KEENE, *Appellant, v.* JACKSON COUNTY,
*Respondent.*

478 P2d 393

William A. Mansfield, Medford, for Petitioner.

Petition Denied December 31, 1970.

O'CONNELL, C. J., dissenting.

I would grant the petition for review in this case. I am of the opinion that neither this court nor the legislature has the constitutional power to require an attorney to defend an indigent unless the attorney is reasonably compensated for his service. I shall not at this time set out the reasons which support this conclusion. See, however, the following references which lend support to my point of view. *Johnson and Douglas v. Superior Court,* 2 Ariz App 407, 409 P2d 566 (1966), (but see *State v. Superior Court,* 2 Ariz App 466, 409 P2d 750 (1966)); *Hill v. Superior Court,* 46 Cal2d 169, 293 P2d 10, 14 (1956) (dissenting opinion); *People v. Randolph,* 35 Ill2d 24, 219 NE2d 337 (1966), noted 16 DePaul L Rev 499 (1967); *Knox County Council v. State ex rel McCormick,* 217 Ind 493, 29 NE2d 405 (1940); *Ferguson v. Pottawattamie County,* 224 Iowa 516, 278 NW 223 (1938); *State v. Rush,* 46 NJ 399, 217 A2d 441 (1966); *Dane County v. Smith,* 13 Wis 585 (1861); Hunter, Slave Labor in the Courts—A Suggested Solution, 74 Case & Comment 3

(1969) ; Allison & Hasset, Counsel for the Indigent Defendant, 41 Am Jud Soc'y 100 (1957) ; Comment, Attorney and Client—Compensation of Indigent's Counsel in Federal Post-Conviction Proceedings, 46 N Car L Rev 379 (1968) ; Note, 49 Cal L Rev 954 (1961) ; Note, 107 U Pa L Rev 812 (1959) ; see also Beaney, The Right to Counsel in American Courts 213-216 (1955), and Brownell, Legal Aid in the United States 136-138 (1951).