STATE of Arkansas *v.* Paul RUIZ and
Earl VAN DENTON

CR-80-10                                    602 S.W. 2d 625
Supreme Court of Arkansas
Opinion delivered June 23, 1980
Rehearing denied August 25, 1980

*Steve Clark*, Atty. Gen., by:*Joseph H. Purvis*, Deputy Atty. Gen., for appellant.

*Lessenberry & Carpenter*, by: *Thomas M. Carpenter*, for appellees.

JOHN I. PURTLE, Justice. The style of this case may be misleading because it involves only the attorneys' fee portion of the second trial of Ruiz and Denton. This opinion does not attempt to reach any part of the trial in chief on its merits.

After the second Ruiz and Denton trial was completed the attorneys, Ike Laws, Joseph Cambiano and Thomas M. Carpenter, petitioned the court for appropriate attorneys' fees. The fees were to be paid by Logan County, even though the trial was held in Conway County on change of venue.

The trial court considered the claim for attorneys' fees on the merits of the claims by the respective attorneys. The trial court held that Ark. Stat. Ann. § 43-2419 (Repl. 1977) violated Art. 4 § 2 of the Arkansas Constitution. The court took into consideration all the factors which determine reasonable attorney's fee. We do not consider the

reasonableness of the fees awarded to the attorneys in this case. All three of the attorneys are capable and respected. The question is whether the fees were legally awarded.

Ark. Stat. Ann. § 43-2419 (Repl. 1977) states in part as follows:

> Whenever legal counsel is appointed by the court of this State to represent indigent persons accused of crimes, whether misdemeanors or felonies, such court shall determine the amount of the fee to be paid the attorney and an amount for a reasonable and adequate investigation of the charges made against the indigent and issue an order for the payment thereof. The amount allowed for investigation expense shall not exceed One Hundred Dollars ($100.00) and the amount of the attorney's fee shall not be less than Twenty-Five Dollars ($25.00) nor more than Three Hundred and Fifty Dollars ($350.00), based upon the experience of the attorney and the time and effort devoted by him in the preparation and trial of the indigent, commensurate with fees paid other attorneys in the community for similar services.

Let is be said now that there is no question that the present statute, as we interpret it, does not allow for adequate compensation of competent appointed attorneys in many cases. Who then should pay for these services? Should it be the state, the county, or the attorneys? These are the only sources of payment in cases of indigents who have the constitutional right to be represented by counsel, but have no means for payment of the fees.

At common law there were no provisions for payment for those attorneys appointed to defend indigents. Neither the state nor the federal constitutions make provisions for payment of attorneys in such cases. The General Assembly has enacted the foregoing statute which will adequately pay attorneys for trials lasting no more than one day. The monetary limits are expressly stated in the statute to be between $25 and $350 even though other language in the statute implies that the attorneys should be paid a fee commensurate with fees paid other attorneys in the community for similar ser-

vices. The acts of the legislature carry strong presumption of constitutionality. *Jones et al* v. *Mears et al*, 256 Ark. 825, 510 S.W. 2d 857 (1974); *Pulaski Co. ex rel Mears* v. *Adkisson, Judge*, 262 Ark. 636, 560 S.W. 2d 222 (1978). If it is possible to construe an act to be constitutional, we must do so. *Stone* v. *State*, 254 Ark. 1011, 498 S.W. 2d 634 (1973). We have dealt with a question very closely related to this in *Mears* v. *Adkisson*, supra, at 638, where we stated:

> We hold this order was entered without judicial authority because it determines and orders payments of salaries and expenses for the Public Defender's office. Such action is a legislative and not a judicial function. The order . . . which authorizes the circuit court to set salaries ___ are in violation of the separation of powers doctrine of the Arkansas Constitution, Ark. Const. Art. 4, § 2.

The above quotation was from a decision where we held the circuit judges did not have the authority to set the salaries of public defenders. Public defenders are full-time appointed attorneys to defend indigents; therefore, if the courts had no power to set salaries for full-time public defenders, they do not have the power to set salaries for part-time public defenders.

The last sentence in the oath of one who is admitted to practice law in Arkansas reads:

> I will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed, or delay any man's cause for lucre or malice. SO HELP ME GOD.

It would appear then that each of these attorneys took an oath which would require them to perform the services in this case without any money if necessary. The practice of representing indigents for little or no fee dates back many centuries prior to the establishment of a government in the United States. In the present case the trial court, in appointing the attorneys to defend these indigents, was merely requiring the lawyers to perform an obligation which they had sworn to perform upon their entry into the legal profession.

It has been argued in another case that requiring an attorney to furnish services for little or no fee is a taking of property in violation of the due process clause of the United States Constitution. This argument was rejected in the case of *United States* v. *Dillon*, 246 F. 2d 633 (9th Cir. 1965) cert. denied, 382 U.S. 978 (1966). Finding no common law or statutory or constitutional authority establishing payment of attorney's fees, we are left only with the sources provided by the legislature. The only other source is the services being furnished by the attorneys themselves. Lawyers clearly have an obligation to represent indigents upon court orders and to do so for existing statutory compensation or for no remuneration at all.

We do not imply that the present statutory allowances even come close to providing adequate compensation for the services performed in this case. However, this question of adequate compensation is not a matter to be addressed by the court but is within the province of the legislature. It is obvious that most counties are unable to pay the type of fee required in such cases. The counties did not do anything to incur the obligation; and, no doubt, every county would prefer that if a crime is to be committed that it be done elsewhere. It would appear logical that the state owes an obligation to pay under circumstances such as presented here; however, this is a matter which must be left to the sound discretion of the General Assembly.

Although there are no requirements relating to the residences of appointed counsel, it would seem to be preferable that the court appoint competent attorneys within its jurisdiction or those attorneys who regularly practice before the court.

We hold that the trial court was bound by the provisions of the legislature and that each of the attorneys in the present case cannot receive more than $350 each for their services plus $100 each for investigation expense, and in doing so we necessarily hold Ark. Stat. Ann. § 43-2419 to be constitutional.

Reversed and remanded with directions to proceed in a manner consistent with the opinion rendered herein.

Reversed and remanded.