STATE of Arkansas *v.* Otha Lee CONLEY

CR 80-53                                                    603 S.W. 2d 415

Supreme Court of Arkansas

Opinion delivered September 8, 1980

*Steve Clark*, Atty. Gen., by: *Joseph H. Purvis*, Deputy Atty. Gen., for appellant.

*Robert A. Newcomb*, for appellee.

JOHN I. PURTLE, Justice. Robert Newcomb was ap-

pointed to defend the indigent appellee in a criminal proceeding in the Pulaski Circuit Court. At the conclusion of the proceedings, the trial court allowed the attorney a fee of $1,500.

The only question on appeal is whether Ark. Stat. Ann. § 43-2419 (Repl. 1977) limits the amount of compensation by court appointed attorneys to $350.

This same problem was discussed in our opinion in *State* v. *Ruiz and Denton*, 269 Ark. 331, 602 S.W. 2d 625 (1980), where we stated:

> We hold that the trial court was bound by the provisions of the legislature and that each of the attorneys in the present case cannot receive more than $350 each for their services plus $100 each for investigation expense, and in doing so we necessarily hold Ark. Stat. Ann. § 43-2419 to be constitutional.

In *State* v. *Ruiz and Denton*, supra, we considered this same statute, Ark. Stat. Ann. § 43-2419, which reads in part:

> *** The amount allowed for investigation expense shall not exceed One Hundred Dollars ($100.00) and the amount of the attorney's fee shall not be less than Twenty-Five Dollars ($25.00) nor more than Three Hundred and Fifty Dollars ($350.00), based upon the experience of the attorney and the time and effort devoted by him in the preparation and trial of the indigent, commensurate with fees paid other attorneys in the community for similar services.

Appellee does not argue that the statute is unconstitutional but that the proper interpretation allows a trial court to award appointed attorneys a fee commensurate with those paid to other attorneys in the community for similar services. If it were not for the plain, unambiguous words limiting such fees to $100 and $350, we would probably agree with appellee's contentions. However, to interpret the statute as urged by appellee would render the enumerated fee section of the statute meaningless.

We construe a statute by the meaning of the expressed words of the statute. *Garrett* v. *Cline*, 257 Ark. 829, 520 S.W. 2d 281 (1975). If the language is clear and unambiguous, we must construe it in accordance with the language employed. *Mears, County Judge* v. *Ark. State Hospital*, 265 Ark. 844, 581 S.W. 2d 339 (1979); *Black* v. *Cockrill, Judge*, 239 Ark. 367, 389 S.W. 2d 881 (1965).

This statute imposes a burden upon the counties to pay fees to attorneys representing indigents which the counties would not be responsible for otherwise. Considering the purpose and language of the statute, we hold the General Assembly intended the dollar amounts expressed to be controlling. Therefore, we find no ambiguity and declare the trial court was in error in awarding a fee of $1,500.

Reversed and remanded with directions to enter an order allowing an attorney's fee of $350, plus investigative expenses, if any, not to exceed $100.

Reversed and remanded.