## 21710

In re The STATE v. Sidney Ross GOOLSBY, Defendant. Ex parte L. Edmund ATWATER, III, Director, South Carolina Court Administration, Appellant.

(292 S. E. (2d) 180)

See also, S. C., 268 S. E. (2d) 31.

*Atty. Gen. Daniel R. McLeod, Senior Asst. Attys. Gen. Richard B. Kale, Jr.,* and *Brian P. Gibbes* and *Asst. Atty. Gen. Lindy P. Funkhouser,* Columbia, *for appellant.*

*C. Rauch Wise* and *James W. Bradford, Jr.,* Greenwood, *for respondent.*

May 26, 1982.

GREGORY, Justice:

This case involves the payment of attorneys' fees, costs, and expert witness fees incurred in the defense of an indigent. The South Carolina Court Administration appeals from the trial judge's order awarding payment of defendant's attorneys' fees and costs in excess of the amount authorized by S. C. Code Ann. § 16-3-26(B) (Cum. Supp. 1981) and expert witness fees in excess of the amount authorized by § 16-3-26(C) of the Code. We reverse in part and modify the awards of fees and costs.

Sidney Ross Goolsby was indicted, convicted, and sentenced to death on October 4, 1978, for the murder of Ruby Ann Medlin. On appeal the sentence was reversed and the case remanded for a new sentencing proceeding. 268 S. E. (2d) 31.

Prior to the new sentencing proceeding, Goolsby's attorneys moved for approval of estimated costs for psychiatric and psychological experts, which estimates exceeded the statutory amounts provided therefor. The trial judge indicated he would consider the bills after trial.

The sentencing proceeding began June 8, 1981; the jury returned a life sentence on June 14, 1981. On June 15, 1981, the trial judge awarded attorneys' fees of Fifteen Hundred and No/100 ($1500.00) Dollars, costs of Six Hundred Sixty-Six and 65/100 ($666.65) Dollars, and expert witness fees of Two Thousand Five Hundred Ninety-Three and No/100 ($2593.00) Dollars.

Appellant first argues the circuit judge erred in ordering payment of attorneys' fees and costs in excess of the amount provided by § 16-3-26(B) of the Code. We agree.

Section 16-3-26(B) provides:

"The State shall pay from funds appropriated for the defense of indigents such fees and costs, not to exceed fifteen hundred dollars, as the court shall deem appropriate."

The primary rule of construction in the interpretation of statutes is to ascertain the intention of the legislature. Where the language of the statute is clear and unambiguous, the court must apply its literal meaning. See cases collected in West's S. C. Digest, Statutes, Keynote 181(1). The above statute is clear and unambiguous. Applying its plain meaning to the facts of this case, we find the circuit judge erred in

ordering payment of attorneys' fees *and* costs in excess of Fifteen Hundred ($1500.00) Dollars.

Defense counsel counters that the trial judge has the discretion to order the expenditure of state money in excess of the amount authorized by statute where extraordinary circumstances exist. In cases where an attorney suffered extreme loss of income and practice and where an attorney was on the brink of insolvency due to the time and money spent in the defense of an indigent, other jurisdictions have allowed reimbursement in excess of that authorized by statute. See *People v. Randolph*, 35 Ill. (2d) 24, 219 N. E. (2d) 337 (1966), *Bias v. State*, 568 P. (2d) 1269 (Okl. 1977), and *Daines v. Markoff*, 92 Nev. 582, 555 P. (2d) 490 (1976). We need not address this issue because extraordinary circumstances are not present in this case.

Finally, appellant asserts the holding of the lower court that § 16-3-26(C) denies an indigent defendant in a capital case equal protection of the law as guaranteed by Article I, § 3 of the Constitution of the State of South Carolina and the Fourteenth Amendment of the Constitution of the United States because there is no corresponding limitation for a noncapital indigent defendant is in error. We agree.

■ Every reasonable presumption must be made in favor of the constitutionality of an act. Only where an enactment offends specific constitutional provisions beyond a reasonable doubt will we declare it unconstitutional. *Johnson, et al. v. Piedmont Municipal Power Agency, et al.*, S. C., 287 S. E. (2d) 476 (1982).

■ Section 17-3-80 of the Code provides for the appropriation of Fifty Thousand ($50,000.00) Dollars for the establishment of a defense fund to reimburse private appointed counsel, public defenders and assistant public defenders for necessary expenses incurred in the defense of indigents. Without a reasonable limitation on the maximum reimbursement allowed in each case, the appropriated funds would rapidly be exhausted.

By placing a ceiling in capital cases, the legislature obviously intended that no more than this amount be expended in non-capital cases. This construction is inescapable in view of the limited funds appropriated by the legislature for these expenses.

"All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used and that language must be construed in light of the intended purpose." *Lewis v. Gaddy*, 254 S. C. 66, 173 S. E. (2d) 376 (1970).

We, therefore, give effect to the legislature's clear intent by construing the spending cap mandated by Section 16-3-26(C) to apply equally to non-capital cases, thus rejecting the constitutional challenge.

Accordingly, for the reasons stated we reverse the holding that § 16-3-26(C) is unconstitutional and modify the awards of attorneys' fees, costs and expert witness fees to the maximum authorized by the Code provisions.

Reversed in part; modified in part.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.