Robert L. HUSKEY, Plaintiff/Appellant,

v.

STATE of Tennessee,
Defendant/Appellee.

Supreme Court of Tennessee,
at Nashville.

Jan. 11, 1988.

Robert L. Huskey, Manchester, for plaintiff/appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Charles L. Lewis, Deputy Atty. Gen., Nashville, for defendant/appellee.

## OPINION

HARBISON, Chief Justice.

This action is a sequel to the decision of this Court in the case of *Huskey v. State,* 688 S.W.2d 417 (Tenn.1985), *cert. denied,* 474 U.S. 936, 106 S.Ct. 299, 88 L.Ed.2d 277 (1985).

It is not necessary here to repeat the history of the case as contained in the opinion just cited. Briefly, appellant was appointed to represent an indigent defendant in a criminal case. He represented the accused, one of three codefendants, during a two-week trial, on appeal to the Court of Criminal Appeals and upon application for permission to appeal to this Court. He claimed and was allowed the statutory fees to counsel for indigent persons in the trial court and the Court of Criminal Appeals. Apparently he did not seek a fee for services rendered in connection with the application for review in the Supreme Court. In each of the other two courts he was granted the maximum fee allowed by statute, together with his allowable expenses, and he accepted these payments in due course.

Appellant then filed the action which was the subject of the former opinion of this Court, claiming that the statutes[1] and Supreme Court Rule 13 governing fees to counsel for indigents violate the provisions of Tennessee Constitution, Article I, section 21, and the Fifth Amendment to the United States Constitution. The former action was instituted in the Chancery Court of Davidson County, Tennessee. In the former opinion, this Court held that the courts in Davidson County had no jurisdiction since appellant had been appointed in Coffee County.

Appellant then instituted the present action in the Circuit Court of Coffee County, Tennessee, undertaking to file it as a separate civil action for declaratory judgment and also to combine it with the closed criminal case. The thrust of the present action is the same as that asserted in the previous case; that is, that the limitations on fees paid to appointed counsel contained in the applicable statutes and court rules are unconstitutional insofar as they do not allow "just compensation" or "fair market value" for services rendered by attorneys appointed to represent indigent persons accused in criminal cases. The trial judge denied the claim.

---

1. T.C.A. §§ 40–14–201 to 210.

This Court, in a number of previous cases, has expressed sympathy with the task imposed upon the private bar in representing indigent criminal defendants by appointment.[2] The Court has supported legislation to increase the statutory allowances and currently has made a recommendation, which is pending before the General Assembly, for further increases.[3] Its Executive Secretary administers a budget of several millions of dollars annually to pay counsel for their services in such cases.

Trial courts, also, are aware of the burden and responsibility of the private bar in cases such as this. There is no indication in the record, however, that appellant sought relief from the appointment or objected to the same on the ground that it would impose any undue hardship upon him or his livelihood as a sole practitioner. Insofar as the record discloses, he accepted the appointment without protest and made no request that the Court relieve him and appoint other counsel because of hardship.

In its previous opinion the Court set forth a procedure by which counsel dissatisfied with the amounts awarded could seek review. In doing so, however, the Court did not suggest that the services of counsel appointed in criminal cases constitute "particular services" or "private property" requiring "just compensation" within the purview of Tennessee Constitution, Article I, section 21, or of the Fifth or Fourteenth Amendments to the Constitution of the United States.

The procedure by which appellant has attempted to present his claim has been somewhat irregular. Nevertheless he has attempted to present the basic issue as to whether attorneys have a constitutional right to compensation in representing indigent defendants by appointment of the court. In our opinion there is no such right under the constitutional provisions relied upon here. The subject has been governed by statute in this state for more than twenty years. We find nothing unconstitutional either in the statutes authorizing compensation to counsel in indigent cases, in the limitations contained in those statutes, or in Rule 13 of this Court dealing with that subject.

Consistently since 1871, this Court has held that counsel representing indigent persons by appointment in either civil or criminal cases have no right at common law to receive compensation from the State or to have their services billed as costs. *See Wright v. State*, 50 Tenn. 256 (1871); *House v. Whitis*, 64 Tenn. 690 (1875); *Patton v. Dixon*, 105 Tenn. 97, 58 S.W. 299 (1900); *Scott v. State*, 216 Tenn. 375, 392 S.W.2d 681 (1965); and *see* discussion in *Pete v. Cumberland County*, 621 S.W.2d 731, 734 (Tenn.1981).[4]

The state constitutional provision interpreted in these cases provides:

"That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives or without just compensation being made therefor." Tenn. Const. art. I, § 21.

In the cases cited above it was held that the services of a licensed attorney are not the type of "particular services" referred to. Those services generally required of public officials or officers are not "particular" any more than are those of citizens called upon to serve as jurors. Jury duty without compensation may be required under general statutes enacted for that purpose. *Neely v. State*, 63 Tenn. 174 (1874). Similarly officers and witnesses in criminal cases may be required to render services without compensation. *Henley v. State*, 98 Tenn. 665, 41 S.W. 352 (1897).

We adhere to these decisions. It has been the rule in this state and in most others that one of the burdens and responsibilities of a professional person holding a

---

**2.** *E.g., Allen v. McWilliams*, 715 S.W.2d 28 (Tenn.1986) (promulgating new rules for compensation in misdemeanor cases).

**3.** The State Judicial Council has also recommended legislation permitting waiver of the limitations in cases involving exceptional circumstances, such as unusually long and complex litigation.

**4.** Rule 17 T.R.C.P. now authorizes the taxation as costs of fees to guardians ad litem in civil actions.

license to practice law is to serve the court system as a sworn minister of justice. We continue to hold that view, and nothing in current law or practice persuades us otherwise.

We are gratified that the General Assembly has given some relief to the obvious financial burden upon counsel by way of authorizing compensation. We will continue to support to the fullest extent all reasonable efforts to increase that compensation and to lessen the burden upon the private bar. We find without merit, however, any claim that there is a right to receive compensation for services rendered by persons licensed to participate in the practice of law in this state under those provisions of the state and federal constitutions relied upon by appellant.

We are confident that the members of the Trial Bench will distribute ratably and equitably among the members of the Bar the burden of representing indigent persons and that in given cases relief from appointment will be granted where special hardships or burdens upon appointed counsel can be demonstrated. Nevertheless it is our opinion that the license to practice law carries with it as a condition and an obligation the rendition of public service, including service by appointment for indigents.

In *Henley v. State,* 98 Tenn. 665, 687, 41 S.W. 352, 356 (1897), this Court said:

> "The lawyer takes his license burdened with the obligation to defend pauper prisoners, so the Sheriff and Clerk must take their offices burdened with similar conditions and requirements."

*See also* Code of Professional Responsibility, EC 2–25.

We believe this holding to be in accord with the great weight of authority in other jurisdictions. In the recent case of *State v. Ruiz,* 269 Ark. 331, 602 S.W.2d 625 (1980), a claim similar to that asserted here was advanced, attacking the statutory limitations on fees to appointed counsel. The Supreme Court of Arkansas rejected the

claim, stating that each attorney had taken an oath requiring the performance of services without any compensation if necessary.[5] The Court of Appeals of Oregon held that since an attorney had consented to this obligation upon entering practice, he could not contend that his appointment to represent an indigent constituted a taking of his services. *Keene v. Jackson County,* 3 Or.App. 551, 474 P.2d 777 (1970), *appeal denied,* 257 Or. 335, 478 P.2d 393 (1970), *cert. denied,* 402 U.S. 995, 91 S.Ct. 2172, 29 L.Ed.2d 161 (1971). *See also United States v. Dillon,* 346 F.2d 633 (9th Cir. 1965), *cert. denied,* 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966). For an annotation on the subject, *see* 3 A.L.R.4th 576 (1981).

In a few cases courts have held that circumstances so extreme might be presented that compensation in excess of statutory provisions could be allowed under inherent judicial authority. Probably the leading case is *People v. Randolph,* 35 Ill.2d 24, 219 N.E.2d 337 (1966). Frequently cited also is *Bias v. State,* 568 P.2d 1269 (Okla.1977), although in that case only extraordinary expenses, not additional compensation, were allowed. The Supreme Court of Oklahoma otherwise confined the compensation to statutory limits and prescribed stringent guidelines in future cases before any additional fees would be permitted. *See also Daines v. Markoff,* 92 Nev. 582, 555 P.2d 490 (1976) (rejecting equal protection and due process claims and holding that statutory limits would govern in the absence of extraordinary circumstances).

In those cases where such additional compensation has been awarded, the evidence showed much more imposition upon the attorney and far greater hardship than is shown here. Most of the cases require a showing that the attorney could not maintain his or her practice because of the necessity of devoting extraordinary time and effort in particular appointed cases.

---

5. *See also Sanders v. State,* 276 Ark. 342, 635 S.W.2d 222 (1982); *State v. Conley,* 270 Ark. 139, 603 S.W.2d 415 (1980).

As previously stated, we do not interpret Article I, section 21, of the Tennessee Constitution or the Fifth Amendment to the federal constitution as requiring compensation for appointed counsel.

In our opinion there is no analogy between the public taking of private property or services and the requirement that licensed practitioners render services by appointment, just as they are required to observe codes of conduct and ethics not imposed upon private citizens.

The Tennessee statutes authorize "reasonable compensation" to appointed counsel in criminal cases within prescribed limits. Those limits are not applicable in capital cases. *See* T.C.A. § 40–14–207. Appellant does not challenge the statutory scheme and the implementing court rule upon the basis of the distinction between capital and non-capital cases.[6] The only claim asserted is that the statutory limitations deprive counsel of "just compensation" under state and federal constitutional provisions. No issue of statutory interpretation or administration has been suggested.

The judgment of the trial court is affirmed at the cost of appellant. The cause will be remanded to that court for collection of costs accrued there and for any other orders which may be appropriate.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.

---

**6.** A claim that such a distinction violated equal protection of the laws was rejected in *State v.* *Goolsby,* 278 S.C. 52, 292 S.E.2d 180 (1982).