The Honorable Walter G. Wright Circuit Judge Garland County Courthouse Hot Springs, Arkansas 71901
Dear Judge Wright:
This is in response to your request for an opinion as a member of the Public Defender Commission. You have asked whether the sentencing Judge may, as a condition of probation, require restitution to the Indigent's Attorney fees, Expenses and Cost Fund for attorney's fees and costs expended in the indigent's defense.
I assume that this question is asked in the context of a judicial district that has created a Public Defender Office. You note in your request that you are a member of the Public Defender Commission, and you refer to a proposal that restitution to this effect be required.
It is my opinion that the answer to this question is no. Act 996 of 1975, known as the Public Defender Act (codified as A.C.A.16-87-101 — 16-87-1103 — 3310 (Supp. 1987)) provides for the creation of a Public Defender Office in any judicial district through petition. See 16-87-104. A.C.A. 16-87-105 — 16-87-107 (Supp. 1987) provides for the salaries and expenses of public defenders as follows:
 The maximum, salaries and expenses of the Public Defender's Office in each judicial district shall be established by the Commission. The salaries and expenses of the office of Public Defender in each district shall be paid by the counties in the district in such amounts as may be approved by the respective quorum courts of such counties.
The language of 16-87-105 clearly indicates that the county is responsible for expenses relating to the representation of indigent defendants. Provision is made, moreover, under A.C.A.14-20-102 et seq. (Supp. 1987) for the quorum court's creation of a fund and levy of a $5.00 fee in each case to pay "reasonable and necessary costs incurred in the defense of indigent persons."14-20-102. The emergency clause, which is contained in Section 12 of Act 996 of 1975, also supports the conclusion that these expenses will not be borne by the indigent defendant wherein it is stated that ". . . it is essential to the administration of justice in conformity with the constitutional guarantee and right to effective assistance of counsel that persons who are financially unable to employ counsel be provided same at public expense."
Consideration must also be given to the provision for reimbursement of the Public Defender by persons who have received assistance under the Public Defender Act. A.C.A. 16-87-109 (Supp. 1987) states that any person who received assistance to which he was not entitled and for which he refused to pay is subject to suit for recovery of the aid. 16-87-109 permits recovery from persons who, on the date suit is brought, are financially able to pay or reimburse the county for the legal assistance. Payment or reimbursement by indigents who do not fall within 16-87-109(a) of [or] (b) is not envisioned under this Act.
Nor do we find any separate authority for conditioning the indigent's probation on payment of attorneys fees and costs. It is reasonable to conclude that legislative enactments will control in this area. The Arkansas Supreme Court stated the following in determining whether the state, the county, or the attorneys should pay for services provided to indigents "who have the right to be represented by counsel but have no means for payment of the fees," State v. Ruiz, 269 Ark. 331, 333, 602 S.W.2d 625 (1980):
 Finding no common law or statutory or constitutional authority establishing payment of attorney's fees, we are left with the sources provided by the legislature.
Id. at 335.
While it may be contended that the language of A.C.A. 5-4-303
(Supp. 1987) governing conditions of probation is broad enough to support such a condition, it is significant to note under5-4-303(2)(h) (Supp. 1987) that conditions requiring restitution or reparation to aggrieved parties must reflect the defendant's ability to pay. This provision offers some indication that conditions of probation requiring payment of costs should not exceed the defendant's ability to pay. This requirement would, moreover, appear to be consistent with the United States Supreme Court's pronouncement that imprisoning indigent persons because they lack the financial ability to pay fines or court costs violates the Fourteenth Amendment. Williams v. Illinois, 399 U.S. 235
(1971); Tate v. State, 401 U.S. 395 (1971).
It is therefore my opinion, based upon the foregoing, that a sentencing Judge may not, as a condition of probation, require restitution to the Indigent's Attorney Fees, Expenses and Cost Fund.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.