The Honorable Stephen W. Luelf State Senator 521 W. Wade, P.O. Drawer 447 Mountain Home, AR 72653
Dear Senator Luelf:
This is in response to your request for an opinion on the following question:
 If a county adopts an ordinance pursuant to A.C.A. 14-20-102 and the funds generated thereby are insufficient to cover the costs of defending indigents, is the county still authorized to appropriate money from the general fund, pursuant to A.C.A. 16-92-108 or otherwise, to pay the costs of court appointed attorneys for indigents?
Although the existing statutes and case law do not offer clear guidance in addressing this question, it is my opinion that the answer is, in all likelihood, "no".
Arkansas Code Annotated 14-20-102 (Supp. 1989) authorizes counties and cities to create a fund to be used solely for paying the reasonable and necessary costs incurred in the defense of indigents and for representation of persons deemed incompetent due to minority or mental incapacity. A.C.A. 14-20-102(a) (Supp. 1989). A quorum court is authorized to enact legislation providing for the fund and a fee, not to exceed $5.00, to be taxed as costs in all civil and criminal matters. A.C.A.14-20-102(b)(1) (Supp. 1989). Expenditures from the fund are to be made in the manner and amounts prescribed by the quorum court. A.C.A. 14-20-102(b)(2) (Supp. 1989).
Under A.C.A. 16-92-108, the court that appoints counsel for indigent persons determines the amount of the attorney's fee and investigative expenses, within set maximums, and the county quorum court "shall appropriate from the county general fund adequate funds to pay the fees," upon receipt of the court order fixing the costs. A.C.A. 16-92-108(b) and (c)(1). The balance not paid by the counties is paid by the state from the Trial Expenses Assistance Fund created by A.C.A. 16-92-109. A.C.A.16-92-108(c)(2).
The language of 14-20-108 clearly indicates that this statutory scheme is an alternative to A.C.A. 16-92-108 and other laws involving fees for counsel appointed to represent indigents. Subsection (c) of 14-20-102 (Supp. 1989) states:
 The provisions of 16-92-108 and other laws relating to the attorney fees and costs that may be paid in the defense of indigents charged with criminal offenses and in the defense of persons against whom involuntary commitment proceedings are sought for insanity or alcoholism shall not be applicable in any county in which the court establishes a fund under this section and levies additional costs or fees to finance such fund. In any such county, the amount to be paid for attorney fees, investigative costs, and other costs for defending indigents shall be determined in a manner prescribed by the court.
The Arkansas Supreme Court in the case of State v. Ruiz and Van Denton, 269 Ark. 331, 602 S.W.2d 625 (1980) stated the following in determining whether the state, the county, or the attorneys should pay for services provided to indigents:
 Finding no common law or statutory or constitutional authority establishing payment of attorney's fees, we are left with the sources provided by the legislature. The only other source is the services being furnished by the attorneys themselves. Lawyers clearly have an obligation to represent indigents upon court orders and to do so for existing statutory compensation or for no remuneration at all.
269 Ark. at 335.
The sources provided by the legislature for the payment of the fees of court-appointed attorneys for indigents are found in A.C.A. 14-20-102 (Supp. 1982), 16-92-108, 16-92-109 (Trial Expense Assistance Fund), and 16-87-101 to 110 (Public Defender Act). And the following statement by the Arkansas Supreme Court in State v. Conley, 270 Ark. 139, 603 S.W.2d 415 (1980) offers some indication that there is no requirement that the fees be paid from some other source:
 [16-92-108] imposes a burden upon the counties to pay fees to attorneys representing indigents which the counties would not be responsible for otherwise.
270 Ark. at 141.
It may thus be concluded that the county is not obligated to pay for these fees out of the county general fund except as specified by 16-92-108. As an alternative, the fund authorized by 14-20-102
may be established, and a fee taxed as costs to finance the fund. The county is not obligated to establish such a fund, but if it does, it appears that the legislature intended for attorney fees to be paid from the fund. The fees allowed should thus be based upon available revenues. Use of the county general fund for paying these attorneys fees, for which the county is not otherwise responsible (see State v. Conley, supra), may give rise to a taxpayer challenge.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.