Section 15-12-21(d), Code of Alabama 1975, provides that lawyers appointed to represent indigent defendants shall be paid "$40.00 per hour for hours expended in court and $20.00 per hour for time reasonably expended out of court in the preparation of such case." The statute sets a $1000.00 limit on fees for professional services but allows reimbursement "for any expenses reasonably incurred in such defense to be approved in advance by the trial court." The majority holds that "overhead" expenses should be included within the phrase "expenses reasonably incurred" for purposes of determining reimbursable expenses. While I am sympathetic to the plight of attorneys who routinely represent indigent defendants for what amounts to inadequate compensation, I believe the majority improperly attempts to correct a real problem with indigent representation compensation. In its attempt, the majority expands the reimbursable expenses that the legislature intended lawyers should receive for the representation of indigent clients. *Page 1310 
The determination of what expenses shall be included as "expenses reasonably incurred" is a matter of statutory construction, and, in my opinion, "expenses reasonably incurred" include those directly incurred "out-of-pocket" expenses such as expert's fees, costs of scientific tests, photographs and photocopying, and necessary travel expenses, etc. Overhead expenses are not out-of-pocket expenses and, thus, are not reimbursable under § 15-12-21(d). Thus, I believe that when the legislature enacted this statute, "office overhead . . . was intended to be included in the attorney's hourly rates." People v. Atkinson, 50 Ill. App.3d 860,366 N.E.2d 94, 8 Ill.Dec. 932 (1977). I cannot conclude that the legislature intended to pay the office expenses of an attorney during the hours the attorney is representing indigent defendants. It is doubtful that during these hours the attorney's office will be devoted totally to the indigent defendant. Most likely, while the indigent defense work is being done, a secretary will be typing a will for a paying client or a clerk will be researching an issue in another case for a paying client. I do not believe that the State should fund the everyday expenses of running a law office. Obviously, the legislature knew when it enacted § 15-12-21(d) that office overhead would be incurred in every case. If it had intended that the State compensate the attorney for this expense, in addition to the hourly rate and for out-of-pocket expenses, the legislature could have easily so specified. I believe the trial court correctly held that office overhead expenses are not covered by § 15-12-21(d).
I agree with the majority that the Supreme Court has already determined that the "cap" in professional services is constitutional, see Ex parte Grayson, 479 So.2d 76 (Ala.),cert. denied, 474 U.S. 865, 106 S.Ct. 189, 88 L.Ed.2d 157
(1985), and that this court is bound by that decision. However, I disagree with the majority's suggestion that the Supreme Court reconsider the constitutionality of the "cap." While this particular "cap" may in some instances be unfair, I do not find that to be the case here because there was no showing that this indigent client's Sixth Amendment rights were violated by this "cap." Furthermore, it is not for the court to determine the amount of the "cap". The question of adequate compensation is not a matter to be addressed by the court but is within the province of the legislature." State v. Ruiz, 269 Ark. 331,602 S.W.2d 625, 627 (1980).
I agree with the trial court's finding of contempt. Attorneys in this state are obligated "to furnish legal services to indigents at the statutory compensation provided in order to enable the state to discharge its duty to provide adequate representation for indigent defendants." Smith v. State,581 So.2d 497, 529 (Ala.Crim.App. 1990), rev'd on other grounds,581 So.2d 531 (Ala. 1991). For the reasons stated above, I dissent from the majority's reversal of this appellant's conviction. This conviction should be affirmed.