**John HUDGINS and Bill Hudgins, d/b/a Hudgins Disposal Service, a Partnership, Plaintiffs/Appellants,**

v.

**The METROPOLITAN GOVERNMENT OF NASHVILLE and Davidson County, Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section.

May 18, 1994.

Application for Permission to Appeal Denied by Supreme Court Sept. 26, 1994.

Thomas E. Stewart, Stewart & Black, Madison, Matthew J. Sweeney, III, John C. Tishler, Farris, Warfield & Kanaday, Nashville, for appellants.

James L. Murphy, III, Director of Law, Stephen Nunn, Metropolitan Atty., Dept. of Law of the Metro. Gov't. of Nashville and Davidson County, Nashville, for appellees.

## OPINION

TODD, Presiding Judge.

Plaintiffs have appealed from a judgment dismissing their complaint for failure to state a claim for which relief can be granted.

The complaint alleges:

1.  Prior to August 1, 1990, plaintiffs operated a private garbage and refuse collection service within specified parts of Metropolitan Nashville and Davidson County where no garbage collection was offered by the local government.

2.  On August 1, 1990, the defendant began furnishing the same service in the same area pursuant to an annexation ordinance of the defendant; imposed increased taxes upon the residents of the area and provided service similar to that provided by plaintiffs without charge.

3.  The action of the defendant destroyed the business of plaintiffs.

4.  Defendant's charter does not provide for payment of damages to businesses so displaced, but the displacement violates constitutional rights.

By amended complaint, plaintiffs alleged that they had contracts with their customers and that the effect of the actions of defendant was to seize from plaintiffs their garbage collection business in which plaintiffs had a property interest.

In response to defendant's motion to dismiss for failure to state a claim for which relief can be granted, plaintiffs filed a brief and affidavits detailing facts. However, the memorandum opinion of the Trial Court states:

> Although the Hudginses have amended their complaint, it is clear they can prove no set of facts that would entitle them to

relief as to there being an unreasonable taking of their contractual rights. Thus, the Court finds plaintiffs have failed to state a claim upon which relief can be granted and therefore dismisses plaintiffs' complaint in its entirety.

In this context, it does not appear that the affidavits are material to this appeal.

Plaintiffs' insistence that the judgment be reviewed as a summary judgment because the affidavits were considered by the Trial Court is not supported by the record.

On appeal, plaintiffs have presented three issues as follows:

1. Whether Article I, Section 21 of the Tennessee Constitution relating to the taking of a person's "particular services" provides a separate and independent ground for recovery in this case from the basis provided by the Fifth Amendment to the United States Constitution.

2. Whether the nullification of contracts, and loss of business, labor and livelihood, as a result of annexation states a claim as a taking of a person's property without compensation under the Tennessee and United States Constitutions.

3. Whether the elimination or reduction of the means of a person to provide unique services to others states a claim for compensation as demanding the particular services of a person under Article I, Section 21 of the Tennessee Constitution.

Section 21 of Article I of the Constitution of Tennessee provides:

**No man's services or property taken without consent or compensation.**—That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor.

Amendment 5 of the Constitution of the United States provides:

**Criminal actions—Provisions concerning—Due process of law and just compensation clauses.**—No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment of indictment by a grand jury, except in cases arising in the land or naval forces, or

in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself; nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

T.C.A. § 29–16–123(a) provides:

**Action initiated by owner.**—(a) If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or he may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest.

Plaintiffs first argue that they are entitled to redress because defendant has "taken their services" in violation of the quoted portion of the Constitution of Tennessee. There is no allegation in the complaint that plaintiffs or any of their employees have been required by governmental authority to render "services" to the government or upon order of the government. On the contrary, the entire burden of the complaint is that plaintiffs have been deprived of the opportunity to render services to the public from whom they have received compensation and realized a profit.

No constitutional or statutory provision is cited or known to this Court which provides for or justifies an action against a governmental unit for offering services in competition with private furnishers of the same service.

The word, "service" is sometimes used in reference to a business which furnishes a service such as a trash collection service. This Court finds that this interpretation is not the intended meaning of the word "services" in the quoted portion of the Constitution. Thus, the impairment of the patronage

of a business which furnishes services is not a "taking of services."

The complaint as amended does not state a claim for services taken by governmental authority without compensation.

■ Plaintiffs next argue that the complaint states a claim for unreasonable taking of property. The rationale of this argument is that, by collecting refuse without charge, defendant "took" property of plaintiffs consisting of contracts between plaintiffs and their customers.

The complaint does mention the existence of contracts which are a species of property. However, the complaint asserts no action by defendant which would constitute a taking of the contracts. There is no allegation that defendant physically took possession of any document or that the government appropriated the benefit of plaintiffs' contracts, or that defendant in any way impaired the obligation of plaintiffs' customers to continue to accept and pay for plaintiffs' services during the term of the contracts. There is no allegation that any customer has refused to accept or pay for plaintiffs' services, although the availability of the same services without charge would naturally influence customers to discontinue accepting and paying for plaintiffs' services in violation of their contracts.

Plaintiffs assert in their brief that defendant imposed a "garbage collection monopoly." No such assertion is contained in the complaint. Although the practical effect of the actions alleged in the complaint may well be the inability of plaintiffs to operate at a profit, the complaint does not assert that plaintiffs have been deprived of the legal right to operate their business in the area.

Plaintiffs cite authorities holding that the right to use property profitably is inherent in the ownership of the property and should be considered in fixing compensation for the taking of property. Such authorities are applicable where physical property, real or personal, is taken by governmental authority; but the complaint contains no allegation of any taking of physical property, real or personal.

In *Coeur D'Alene Garbage Service v. City of Coeur D'Alene,* 114 Idaho 588, 759 P.2d 879 (1988), the city contracted with a private garbage service to serve citizens of the city and passed an ordinance forbidding garbage collection within the city by any other garbage collector. Coeur D'Alene Garbage Service collected garbage from residents outside the city. The city annexed an area served by Coeur D'Alene Garbage Service, thereby forbidding Coeur D'Alene Garbage Service from continuing service in the annexed area. The authority is inapplicable to the present case because the complaint does not allege any act of the defendant which forbade or made unlawful continued garbage collection by plaintiffs.

In *Laidlaw Waste Systems, Inc. v. City of Phoenix,* 168 Ariz. 563, 815 P.2d 932 (1991), the city itself furnished garbage collection to the annexed area previously served by a private collector. The Arizona Court of Appeals held that "unfair competition" by the city was not a compensable taking.

In *Franklin Power and Light v. Middle Tennessee Electric Membership Corp.,* 222 Tenn. 182, 434 S.W.2d 829 (1968), the "taking" involved the displacement of a franchised electric utility by annexation and service by a city-owned electric power system. The complaint in the present case contains no allegation that plaintiffs were the holders of any form of franchise which, in the context of the present case, means a grant of authority to engage in a particular business within a designated area under specified conditions.

Plaintiffs cite their affidavits which indicate that the city had compensated other trash haulers displaced by annexation. This was not pled in the complaint; but, even if it had been pled, it does not create in plaintiffs an enforceable right to the same treatment.

Finally, plaintiffs reiterate their insistence that their "particular services have been taken." The general allegation without designating any compensable service is insufficient to support a claim for compensation. Every service required of a citizen by the government is not compensable. For example, jury service giving testimony, and legal representation of accused indigents are not required to be compensated by the Constitution. *Huskey v. State,* 743 S.W.2d 609, 611 (Tenn.

1988); *Neely v. State,* 63 Tenn. (4 Baxter) 174 (1874); *Henley v. State,* 98 Tenn. 665, 41 S.W. 352 (1897).

██ Circumstances might exist under which a displaced garbage hauler might be legally entitled to compensation, but no such circumstance is stated in the complaint. Dismissal for failing to state a claim for which relief can be granted is warranted only when no set of facts could be proven under the allegations of the complaint which would entitle plaintiff to relief. *Dobbs v. Guenther,* 846 S.W.2d 270 (Tenn.App.1992). No such set of facts could be proven under the allegations of the complaint in this case.

The judgment of the Trial Court dismissing plaintiffs' complaint for failure to state a claim for which relief can be granted is affirmed. Costs of this appeal are taxed against the plaintiffs. The cause is remanded to the Trial Court for collection of costs accrued therein and for any other appropriate proceedings.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.