The Honorable N.B. "Nap" Murphy State Representative South Main Street Hamburg, Arkansas 71646
The Honorable Jack Gibson State Senator P. O. Box 37 Dermott, Arkansas 71661
Dear Representative Murphy and Senator Gibson:
This is in response to your request for an opinion on several questions involving the expenditures of municipal courts established under Act 128 of 1947, which is codified as Arkansas Code of 1987 Annotated 16-17-301, et seq. Your questions have been answered in the order presented.
 1. Are the city and county responsible equally for the payment of salaries and expenses of a Municipal court established under Act 128 of 1947? If not, which governmental subdivision, agency or unit is responsible for those expenses and salaries?
I have enclosed a copy of Opinion Number 84-98, issued by this office on April 3, 1984, which I believe satisfactorily answers this question. Opinion Number 84-98 was provided in response to a question involving the interpretation of Ark. Stat. Ann. 22-720.1 (Repl. 1962) which stated as follows:
 (a) The county wherein a municipal court is held shall pay one-half (1/2) of the salaries of the judge and the clerk of the municipal court of all municipal courts therein organized under the provisions of Act 1927, No. 60, and act amendatory thereto, and Acts 1947, No. 128, and acts amendatory thereto.
 (b) At its annual meeting, the quorum court in counties subject to either or both of the acts referred to in subsection (a) of this section shall make an appropriation of a sum sufficient to pay the county's proportion of the expenses of all such municipal courts, the payments to be made out of the general revenues of the county. This duty may be enforced by mandamus proceeding.
It was concluded in that opinion, following a review of the legislative history of relevant acts, that the legislature intended to limit county expense to one-half of the salaries of the judge and municipal clerk. It should be noted in this regard that A.C.A. 16-17-115 was amended during the 1987 legislative session. See Section 7 of Act 431 of 1987 [A.C.A. 16-17-115
(Supp. 1987)]. However, it is my opinion that this amendment does not compel a modification of Opinion Number 84-98.
 2. Are the following legitimate items of expense for a Municipal court established under Act 128 of 1947 in its operating budget?
Salaries, Full Time Social Security Matching Health Insurance Matching Unemployment Compensation Workmen's Compensation Printing and Supplies General Office Supplies Janitorial Supplies Food (Coffee) Telephone Postage Travel (Continuing Legal Education) Official and Deputy Bond Fire and Extended Coverage Judicial Malpractice Insurance Electricity Gas Water Waste Disposal Land and Building Rental Machinery and Equipment (Computer Software) Postage Machine/Post Office Box Lease/Purchase Agreements (Copies, Computer and Printer) Court Appointed Attorneys Meals and Lodging (Continuing Legal Education) A.C.A. 16-17-303, which is the codification of Section 1 of Act 128 of 1947, states as follows under subsection (b):
The city council creating and establishing the municipal court shall also be authorized, empowered, and directed by proper ordinances to fix with respect to the judge of the court the qualifications, the fees, emoluments, or salary, the terms of tenures of office, the method and manner of the election or appointment, and the filling of vacancies.
It is therefore clear that the "fees, emoluments, or salary" of the municipal judge are legitimate items of expense which are set by the city council. The term "emolument" is defined in the New College Edition of The American Heritage Dictionary as "profit derived from one's office or employment; payment for services rendered."
Rule 8.2 of the Arkansas Rules of Criminal Procedure is instructive with respect to expenses related to court appointed attorneys. Rule 8.2(c) states:
 Attorneys appointed by municipal courts, city courts, police courts, and justices of the peace may receive fees for services rendered upon certification by the presiding judicial officer if provision therefor has been made by the county or municipality in which the offense is committed or the services are rendered.
A.C.A. 14-20-102 (Supp. 1987) must, however, also be considered with respect to the quorum court's authority to create a fund for the payment of "reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses . . . including . . . legal fees."
A.C.A. 16-10-103 should be considered in relation to continuing legal education expenses falling within the category of "training and . . . additional judicial education" to be provided to, inter alia, municipal judges, clerks, "and all other personnel directly associated with the state's courts." The Arkansas Judicial Department administers the state's responsibility in this regard. This could impact the municipal court's responsibility for such expenses.
The other items of expense outlined under your second question do not appear to be specifically addressed by statute. Nor do we find any case law authority directly on point. The case of Venhaus v. State ex rel. Lofton, 285 Ark. 23, 684 S.W.2d 252
(1985) may, however, offer some general guidance in this area. Pulaski County argued in that case that the quorum court had authority to set the salaries of circuit court employees. The Arkansas Supreme Court rejected that argument, stating that quorum courts have jurisdiction only over local matters, and that a circuit court and its employees are not a local matter. The court determined that ". . . the quorum court is without discretion to set the expenses of state courts." 285 Ark. at 25. An implication may be drawn from this decision that, but for the fact that the expenses in question did not constitute a "local matter," the quorum court's authority to set the salaries would have been confirmed. This conclusion is also indicated by the case of Pulaski County ex rel. Mears v. Adkisson, 262 Ark. 636, 560 S.W.2d 222
(1978) wherein the court held that the setting of salaries and expenses for the Public Defender's Office was a legislative and not a judicial function. 262 Ark. at 638. While the Arkansas Supreme Court has subsequently ruled that a public defender appointed by the judiciary under Act 279 of 1975 is not a public officer or employee, [see Mears v. Hall, 263 Ark. 827, 569 S.W.2d 91
(1987)], it may still be reasonably concluded from Pulaski County ex rel. Mears v. Adkisson, supra, that determining and ordering payment of salaries and expenses for public office is a legislative function.
It may therefore be concluded in this instance that a determination with respect to the reasonableness of these expenses is a legislative function. Since it appears that the county is only obligated to pay one-half of the salaries of the judge and clerk, and since the General Assembly has not addressed this question, the city would logically be the entity responsible for making this determination.
Yet, it must, finally, be recognized that essential expenses will in all likelihood be subject to the judicial branch's constitutional authority to, as stated by the Court in Venhaus v. State ex rel Lofton, supra, "order these acts done which are necessary and essential for the court to operate." Ark. at 28. Any challenge in this regard would present a question of fact within the province of a court to decide.
 3. Are defendants who may be sentenced to jail time eligible for court appointed counsel?
The answer to this question is yes. Rule 8.2(b) of the Arkansas Rules of Criminal Procedure states:
 Whenever an indigent accused is charged with a criminal offense and, upon being brought before any court, does not knowingly and intelligently waive the appointment of counsel to represent him, the court shall appoint counsel to represent him unless he is charged with a misdemeanor and the court has determined that under no circumstances will imprisonment be imposed as a part of the punishment if he is found guilty.
 (c) Attorneys appointed by municipal courts, city courts, police courts, and justices of the peace may receive fees for services rendered upon certification by the presiding judicial officer if provision therefor has been made by the county or municipality in which the offense is committed or the services are rendered.
The following questions were contained in supplemental correspondence following your original request. They are addressed in the order presented.
 1. Who has the responsibility of determining what expenses are justifiable for the Municipal Courts?
The foregoing responses reveal that this question cannot be answered as posed. An initial review of legislative enactments will be necessary to determine whether the General Assembly has addressed the particular item in question. For example, A.C.A.16-17-303 states that the city council is authorized to fix the "fees, emoluments, or salary" of the judge presiding over a court established under the County Seat Municipal Court Act. (A.C.A.16-17-301, et seq.). However, A.C.A. 16-17-108 sets forth specific salaries of personnel and other requirements of various municipal courts. And while the governing body of the political subdivision involved may otherwise have general authority to determine what expenses are justifiable, the judicial branch may successfully challenge the refusal to order payment of "essential" expenses. See Venhaus v. State ex rel. Lofton, supra.
 2. Does the Municipal Judge have unlimited authority to operate the court and bill the city and county as he so desires?
While the judge in all likelihood has the authority to compel the payment of essential expenses, the foregoing indicates that with the exception of those items addressed by the General Assembly such as salaries, the city may exercise some authority in this area.
 3. To what extent can the city or county limit the Judges expenditures?
As previously noted, the Arkansas Supreme Court has indicated that "necessary and essential expenses" must be approved. The Court stated the following in Venhaus v. State ex rel. Lofton,285 Ark. at 28:
The separation of powers doctrine necessarily implies that a court has the constitutional authority to order these acts done which are necessary and essential for the court to operate. However, that constitutional authority does not extend past ordering acts which are necessary and essential for the court to operate.
Citing Turner, Ex Parte, 40 Ark. 548, 549 (1883).
 4. Is the county legally responsible, under current law, for any expenses other than 1/2 of the Judge's and Clerk's salaries and related fringe benefits?
See responses to Question 1 and 2 above (from original opinion request).
 5. What are the city's financial obligations for the operation of its Municipal Court?
See responses to Question 1 and 2 above (from original opinion request.) It is my opinion that current law provides for the county's payment of one-half of the salaries of the municipal judge and clerk. The city is therefore responsible for the remaining expenses. This applies to municipal courts established pursuant to Act 60 of 1927, as amended, and Act 128 of 1947, as amended. See A.C.A. 16-17-115 (Supp. 1987). For municipal courts established under other authority, the specific acts must be reviewed. See, e.g., Act 801 of 1979 and Act 251 of 1985 (codified as A.C.A. 16-17-119 and 16-17-501, et seq., respectively.)
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.