## TURNER EX-PARTE.

JURISDICTION: *Of Circuit Court to provide Court House. Contempt.* The Circuit Court by virtue of its inherent powers, may, when necessary, cause suitable apartments to be procured temporarily for holding the Court in, and certify the expense to the County

Turner Ex-Parte.

Court, and order it to be paid as part of the incidental expenses of holding the Court; but it has no power to order the County Court to make an appropriation and erect a Court House; and disobedience of such an order can not be punished as contempt.

WRIT OF CERTIORARI to *Bradley* Circuit Court.

Hon. J. M. Bradley, Circuit Judge.

*M. L. Bell,* for petitioner.

The order of the Circuit Court directing the County Court to make a contract and build a Court room, &c., was clearly beyond its jurisdiction and void. *Art. 7, Sec. 28, Const. 1874; Russell, et al. v. Jacoway,* 33 *Ark.,* 191. Even the County Court could not make a contract unless an appropriation had first been made. *Worthen v. Roots,* 34 *Ark.,* 356.

The order being void, the contempt proceeding falls with it. Gantt's Digest, Section 818, makes wilful disobedience of any process or order lawfully made, &c., a contempt. Here the order was illegal and void, and the fine was expressly for disobedience of that order, and does not fall within the rule in *Morrell v. State,* 16 *Ark.,* 384.

The entire proceedings should be quashed.

Smith, J. The grand jury of Bradley county, at March term, 1883, condemned the Court House of that county as unsafe. Thereupon the Circuit Court directed the County Court to provide new quarters for the Clerk and Sheriff, and to make an appropriation and proceed to advertise and let out the contract for building another Court House. The Quorum Court, consisting of the County Judge and a majority of the Justices of the Peace of the county, sat in July, but made no appropriation for these purposes. The Circuit Court at its next term caused the County Judge to be brought before it under process for contempt, and fined him for his disobedience of its orders. And the County Judge now

seeks upon *certiorari* to quash said orders and proceedings as illegal and void.

By the Constitution of 1874, which is not dissimilar in this respect from the former constitutions of this State, the County Court has exclusive original jurisdiction in all matters pertaining to county taxes, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the county. And the Circuit Court has only a superintending control and appellate jurisdiction. *Art. VII., sec's.* 28 *and* 14.

It is too obvious for argument that the erection of a Court House is a matter of local concern, which relates to the disbursement of money for a county purpose. The County Court must determine for itself, whether the conditions exist which demand a new structure, or whether it will content itself. with repairing the old one. *Russell v. Jacoway,* 33 *Ark.,* 191. And probably its discretion in such matters is not subject to control by the Circuit Court. *Clark County v. Spence,* 21 *Ark.,* 455.

All that the Circuit Court could in the first instance legally do, was to cause the report of the grand jury to be certified to the County Court for its information and for such action in the premises as it might decide to be proper.

The proceeding for contempt falls with the order to build a new court-house. The County Judge could not have been in contempt in this case, unless he had wilfully disobeyed a lawful order. *Gantt's Dig., sec.* 818, 3d. *clause.* If the Circuit Court should order the execution of a prisoner before his trial and conviction, the Sheriff would not be liable to punishment for contempt for refusing to execute the sentence. Now the act of March 18, 1879, forbids the County Court to make such a contract without a previous appropriation. *Sec.* 9; *Worthen v. Roots,* 34 *Ark.,* 365 *et seq.*

We do not mean to imply that the County Court, by neglecting to provide a suitable place for holding Court, has it in its power to annoy the Circuit Court, or embarrass its sittings. If no court-house, or an insecure one, is provided, the Circuit Court by virtue of that inherent authority which all Courts of record possess, might cause convenient apartments to be procured elsewhere in the town for the time being, the expense of which could be certified down to the County Court and payment ordered as a part of the incidental expenses of holding Court.

The orders of the Bradley Circuit Court, being without authority of law and beyond its jurisdiction, are quashed.