ST. FRANCIS COUNTY *v.* CUMMINGS.

Decided February 6, 1892.

*Coroner's inquest—Physician's fee—Liability of county.*

If necessary to ascertain the truth concerning the death of a person over whose body he is required to hold an inquest, a coroner is authorized to employ a physician to make an autopsy, and the county is liable for a reasonable compensation therefor.

APPEAL from *St. Francis* Circuit Court.

GEORGE SIBLEY, Special Judge.

Cummings & McKnight, surgeons, filed a claim for $125 against St. Francis county for professional services, rendered at the instance of the coroner, in making a *post mortem* examination at an inquest. The claim being disallowed in the county court, an appeal was taken to the circuit court. The case was tried upon an agreed statement of facts which recited that "the coroner of St. Francis county, with a jury, was investigating the cause of death of one Martin Mitchell; that the said Mitchell had been dead several days, and that the body had become considerably decomposed, and it was alleged by some that said deceased had been poisoned, and by others that he had been shot and killed, and that it was impossible for the jury to determine in their minds whether the deceased came to his death by natural causes or by violence, and that in the judgment of the coroner it became necessary to have a *post mortem* examination of the body, and for that purpose the plaintiffs, Cummings & McKnight, physicians and surgeons, were summoned by the coroner and requested to make such *post mortem* examination and testify as to the cause of the death of said deceased; that the plaintiffs made such examination and gave their testimony as experts before said jury touching said death; that $125 is a reasonable fee or compensation in such cases; that the said plaintiffs claimed $125 as a fee as said expert witnesses from the county, which was disallowed."

Upon the foregoing agreed statement of facts judgment was rendered for the plaintiffs for $125. The county has appealed.

*N. W. Norton* for appellant.

There is no authority of law for paying this claim. Money cannot be paid out of the county treasury except as it may be warranted by some statutory provision. There is no authority for calling physicians by the coroner, and they were under no obligations to make the examination. Rogers on Exp. Testimony, sec. 189; *ib.*, sec. 187; 32 Ark., 45; 30 *id.*, 764; 38 *id.*, 213; Mansf. Dig., sec. 1414.

No constructive fees or fees by implication can be allowed. *Supra.*

*Sanders & Watkins* for appellees.

While we have no statute definitely prescribing the duties of coroners as to the employment of physicians in matters of inquest, and regulating their fees, yet the authority must be found by implication from the general statutes governing the duties of coroners and regulating the payment of expenses, fees, etc., or from the common law right of action where one performs services at the request and by order of another. See sec. 696 Mansf. Dig.; 88 Ind., 102; 4 Barr, 271; Ord., Jur. Med., sec. 114; Beck, Med. Jur., 920; 1 Sprague, 276; 50 Ind., 1; 1 Car. & K., 25; Rogers, Exp. Test., sec. 189 *et seq.;* 89 N. Y., 41.

The law imposes the duty on the coroner of holding *post mortem* examinations; the power to bind the county follows. 89 N. Y., 41; Mechem, Ag., sec. 280; 3 Barr, 462; 4 *id.*, 271; 34 Penn. St., 302; 11 Col., 84; 64 Ind., 530; 6 Am. Law Reg. (O. S.), p. 485.

Physicians who do this service are paid as witnesses, but they should be paid for their skill and professional services.

BATTLE, J. Only one question is presented for our consideration in this case : Is a county responsible for services rendered by a physician in making an autopsy, at the request

of a coroner, in cases wherein it is necessary to ascertain the cause of death by an inquest?

Section 692 of Mansfield's Digest says: "If any person die in prison, or if any person be slain, or die an unnatural death, except by the sentence of the law, or if the dead body of any person be found, and the circumstances of the death be unknown, information shall be immediately given to the coroner of the county."

Section 693 is: "The coroner, on the receipt of any such information, shall summon, without delay, not less than twelve nor more than twenty-three persons of his county, qualified to serve as jurors, to appear at the place where the body lies, and if twelve do not appear, he shall summon others until that number do appear."

Section 694 provides how the jury shall be sworn; and the two following sections are as follows : "After the coroner and jurors shall have viewed the body, they shall proceed to inquire into the cause, manner and circumstances of the death. The coroner shall cause to come before the jurors all suspected persons who can be taken, and all proper witnesses, and all proper means shall be used to ascertain the truth."

These statutes make it his duty to *use all proper means* to ascertain the truth concerning the death of the person over whose body he is required to hold an inquest. It sometimes occurs that the cause of death can only be ascertained by skilful physicians, and by them only by making an autopsy. How can the coroner discharge the duty imposed on him in such cases? He may summon a physician to testify and compel him " to swear to his opinion on a superficial view of the body; but cannot compel him to touch it, or do the more nauseous and dangerous work of opening it," because such an act is not within the office of a witness. The coroner is not expected or required to make the autopsy with his own hands. It is not within the line of his official duties, and no fee is allowed for such work, for the reason stated. Yet he is authorized to ascertain the truth

concerning the death. The conclusion is unavoidable : he must, in such cases, employ a physician to make the autopsy and ascertain the cause of death, as in that case this would be the only proper means by which the truth could be ascertained. By the imposition of the duty upon him he is authorized to do all things whatsoever reasonably necessary to discharge that duty.

Is he or the county responsible for the services of the physician? An examination of the statute fixing the fees of coroners will show that the fees allowed to him are given for particular acts of official duty, and that no fee is allowed for such services. Such services, though ancillary to the purpose of some inquests, are not official, and consequently were not in the contemplation of the legislature when it fixed the fees of coroners. But there is not only no fee fixed but no fund set apart to the coroner for such expenses. To hold, then, that he is responsible, under such circumstances, would be to require him to contribute so much gratuitously to the administration of justice and the enforcement of the laws, and, whenever his duty requires him to disinter a body, to say that he must do it with his own hands, or by hands paid with his own means. Such a requirement would be unjust and oppressive and contrary to the spirit of our laws. As a rule the counties are responsible for the expenses of the administration of the criminal laws. Both justice and policy demand an adherence to the rule in this case, and that the county should pay a reasonable compensation for such services when needed and performed, that is to say, what they are reasonably worth. *Allegheny County* v. *Watt*, 3 Penn. St., 462; *Northampton County* v. *Innes*, 26 Penn. St., 156. And we so hold.

When a claim for making a *post mortem* examination or autopsy is presented for allowance against a county, it is the province of the county court to which it is properly presented to determine whether it was made in a case in which it was necessary, and the coroner had a right to require it to be done, and, if necessary and authorized, to

determine the extent of the liability of the county therefor; and for that purpose may require satisfactory evidence, and may examine the parties and witnesses on oath touching the same. *Clark County* v. *Calloway*, 52 Ark., 361 ; Mansfield's Digest, secs. 1412, 1413.

The judgment of the circuit court is, therefore, affirmed.