STATE of Arkansas *v.* Jerry POST, David Wyatt, Independence County Judge; Orville Arms, Paul Buchanan, Bill Cash, Jim Darmstaedter, Bobby Galloway, Sue Hurley, Jim Kemp, Conway Lawrence, Earvin Moser, Joe Walls, Tom Ed Woodruff, Quorum Court Members Comprising the Quorum Court of Independence County

92-787                                    845 S.W.2d 487

Supreme Court of Arkansas
Opinion delivered January 19, 1993
[Rehearing denied February 22, 1993.]

512

*Winston Bryant*, Att'y Gen., by: *Kyle R. Wilson*, Asst. Att'y Gen., for appellant.

*Adams & Nichols*, by: *Donald J. Adams* and *Tom Allen*, for appellee Oscar Jones.

*Skokos, Coleman, & Rainwater, P.A.*, by: *Michael R. Rainwater*, for appellee Independence County.

DONALD L. CORBIN, Justice. Oscar Jones and Jerry Post were appointed counsel for William Thomas Reager, an indigent charged with capital murder. As a result of their representation, Mr. Reager was found not guilty and the charges were dismissed. This appeal concerns the allocation of responsibility for Mr. Jones' fees and expenses between the state and Independence County. Mr. Post's fees and expenses are not before us because the county failed to appeal in a timely manner. In response to Mr. Jones' Motion for Certification of Attorney's Fees and Expenses, Special Judge Watson Villines certified an award to Mr. Jones of $22,986.00 in attorney's fees as just compensation and $602.85 for reimbursable expenses. The propriety of the award has not been challenged. Judge Villines also determined that the county was liable for payment of $450.00 of Mr. Jones' award and the state was liable for the remainder under Ark. Code Ann. § 16-92-108 (1987) and § 14-20-102 (Supp. 1991). On appeal, the state argues that under Ark. Code Ann. § 14-20-102, the county is responsible for payment of all indigent defense fees. Alternatively, the state argues that the state should, at most, be required to pay six hundred and fifty dollars ($650.00) under Ark. Code Ann. § 16-92-108. According to the state, our decision in *Arnold v. Kemp*, 306 Ark. 294, 813 S.W.2d 770 (1991), made the meaning and application of section 16-92-108(c) ambiguous and we should therefore interpret section 16-92-108 in accordance with the intent of the legislature. The state contends that it has been the longstanding practice of the legislature to require the counties to bear the burden of financing the administration of criminal justice in the state. According to the state, by enacting

section 16-92-108 the legislative intent was for the state to assist the counties, leaving primary financial responsibility with the counties, in cases where the indigent was charged with capital murder or murder in the first degree, but even then the intent was not for the state to ever pay more than six hundred and fifty dollars ($650.00) in any one case.

This case requires us to interpret section 16-92-108, and section 14-20-102. Our jurisdiction is therefore proper pursuant to Ark. Sup. Ct. R. 29(1)(c).

Section 16-92-108 provides:

(a) Whenever legal counsel is appointed by any court of this state to represent indigent persons accused of crimes, whether misdemeanors or felonies, the court shall determine the amount of the fee to be paid to the attorney and an amount for a reasonable and adequate investigation of the charges made against the indigent and shall issue an order for the payment thereof.

(b)(1) The amount allowed for investigation expenses shall not exceed one hundred dollars ($100), and the amount of the attorney's fee shall be not less than twenty-five dollars ($25.00) nor more than three hundred fifty dollars ($350.00).

(2) The amount of attorney's fees for attorneys who defend indigents accused of capital murder or murder in the first degree shall be not more than one thousand dollars ($1,000).

(3) The attorney's fees provided for by this section shall be based upon the experience of the attorney and the time and effort devoted by him in the preparation and trial of the indigent, commensurate with fees paid other attorneys in the community for similar services.

(c)(1) Upon being furnished an order of the court fixing the fees, the quorum court of the county in which the indigent was charged shall appropriate from the county general fund adequate funds to pay the fees, not to exceed the amount of three hundred fifty dollars ($350) for the attorney's fees nor one hundred dollars ($100) for investi-

gation expenses, and the county treasurer shall disburse the fees to the appointed attorney.

(2) The balance not paid by the counties shall be paid by the state from the Trial Expense Assistance Fund created by § 16-92-109.

(d) An attorney shall not be so appointed by a court if the attorney certifies to the court, in writing, that he or she has not attended or taken a prescribed course in criminal law in an accredited school of law within twenty-five (25) years prior to the date of appointment, that the attorney does not hold himself or herself out to the public as a criminal lawyer, and that he or she does not regularly engage in the practice of criminal law.

Section 14-20-102 provides:

(a)(1) The quorum court of any county included within the judicial districts of the State of Arkansas, by appropriate county legislation, may provide for the creation of a fund to be used for the purpose of paying reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses and in the defense of indigent persons against whom involuntary commitment procedures for insanity or alcoholism have been brought, and for representation in civil and criminal matters of persons deemed incompetent by the court due to minority or mental incapacity, which have been brought in any circuit courts, chancery courts, juvenile courts, probate courts, city or county division of municipal courts including, but not limited to, investigative expenses, expert witness fees, and legal fees.

(2) Any municipal body in a county where the quorum court has not created such a fund applicable to the city division of the municipal court may provide for the creation of a fund to be used in the city division of the municipal court.

(3) Where there are adequate unappropriated moneys in this fund, the quorum court may also provide for the use of the funds for the purpose of defraying the cost of the juvenile division of chancery court.

(4) Where there are adequate unappropriated moneys in this fund, the quorum court may also provide for the use of the funds for the purpose of defraying the cost of the medical and dental costs incurred by the county for indigent defendants incarcerated in the county jail.

(b)(1) [As amended by Acts 1991, No. 1003, § 1.] Any quorum court desiring to establish such a fund shall have the authority to provide for the payment of a fee, not to exceed the sum of five dollars ($5.00), to be taxed as costs in each matter, civil or criminal, filed in any circuit, chancery, probate, city or county division municipal court within the county. However, no such fees shall be taxed as costs in any action filed in any small claims court.

(2) The quorum court is authorized to supplement the fund by additional appropriations from the county general fund, and expenditures from such fund shall be made in the manner and amounts prescribed by the quorum court desiring to enact such legislation.

(c) The provisions of § 16-92-108 and other laws relating to the amount of attorney fees and costs that may be paid in the defense of indigents charged with criminal offenses and in the defense of persons against whom involuntary commitment proceedings are sought for insanity or alcoholism shall not be applicable in any county in which the quorum court establishes a fund under this section and levies additional costs or fees to finance such fund.

(d) In any county where a public defender commission has been established under §§ 16-87-101 — 16-87-111, the amount to be paid for attorney fees, investigative costs, and other costs under subdivision (a)(1) of this section shall be determined in a manner prescribed by the quorum court acting with the advisory resolution of the public defender commission.

(e) The provisions of this section and § 16-92-108 relating to the amount or payment of attorney fees and costs that may be paid in the defense of persons against whom involuntary commitment proceedings are sought for

insanity or alcoholism shall not be applicable in any instance in which the State of Arkansas, acting through its administrative agencies, departments, or divisions, provides for payment of attorney fees or costs which would otherwise be paid by the county.

We find that we must first address the effect of our decision in *Arnold* v. *Kemp* on section 16-92-108 before we can decide whether Independence County is liable for payment of the attorney fees since it has established an Indigent Defense Fund pursuant to section 14-20-102.

██ In *Kemp*, we declared the fee caps contained in section 16-92-108 unconstitutional. Prior to *Kemp*, section 16-92-108(b) provided that investigation expenses could "not exceed one hundred dollars ($100)" and attorney's fees were limited to "not less than twenty-five dollars ($25.00) nor more than three hundred fifty dollars ($350)", except in cases where the defendant was accused of capital murder or murder in the first degree, where the attorney's fees was limited to "not more than one thousand dollars ($1,000)." We did not address the provisions of section 16-92-108 concerning responsibility for payment of the fees in *Kemp*. Under section 16-92-108(c)(1), the county is required to pay up to three hundred and fifty dollars ($350.00) for attorneys fees and one hundred dollars ($100.00) for investigation expenses out of its county general fund. The balance is paid by the state from the Trial Expense Assistance Fund. Ark. Code Ann. § 16-92-108(c)(2). "[I]t is well settled that where a statute or code provision is unconstitutional in part, the valid portion of the act will be sustained if complete in itself and capable of execution in accordance with apparent legislative intent." *Hutton* v. *Savage*, 298 Ark. 256, 266, 769 S.W.2d 394, 399 (1989). In *Kemp*, we indicated that only the fee cap sections of section 16-92-108 were unconstitutional. The other sections were not affected by our decision. After further consideration, we find that our decision in *Kemp* that the fee caps contained in section 16-92-108 are unconstitutional requires us to invalidate the entire statute because the sections of the statute are not severable. It was clearly the intent of the legislature to enact the statute as a whole. The sections of the statute are interwoven and the entire statute revolved around the fee caps. *Wenderoth* v. *City of Ft. Smith*, 251 Ark. 342, 472 S.W.2d 74 (1971). Our decision in *Kemp* eliminat-

ing the fee caps contained in the statute requires us to invalidate the entire statute because the fee caps were an integral part of the system set out by the legislature in the statute to allocate responsibility between the county and the state for payment of defense attorney fees.

Since we find that section 16-92-108 must be invalidated, we next turn to section 14-20-102 to see whether it provides any guidance. Independence County has established a fund pursuant to section 14-20-102 to help pay for the costs incurred in the defense of indigent persons. Because Independence County has established a fund, the state contends it is not responsible for payment of any of the attorney's fees or investigation costs at issue in this case. Section 14-20-102(a) authorizes a county to establish an Indigents' Defense Fund. Section 14-20-102(b) governs how an Indigents' Defense Fund is to be funded and how expenditures are to be made once such a fund is established. Section 14-20-102(b) provides:

> (b)(1) Any quorum court desiring to establish such a fund shall have the authority to provide for the payment of a fee, not to exceed the sum of five dollars ($5.00), to be taxed as costs in each matter, civil or criminal, filed in any circuit, chancery, probate, city or county division municipal court within the county. However, no such fees shall be taxed as costs in any action filed in any small claims court.

> (2) The quorum court is authorized to supplement the fund by additional appropriations from the county general fund, and expenditures from such fund shall be made in the manner and amounts prescribed by the quorum court desiring to enact such legislation.

Therefore, according to section 14-20-102(b)(2), we look to see what procedure the Quorum Court of Independence County has established for making expenditures from its funds to determine if Independence County must pay the fees and expenses at issue. The Quorum Court of Independence County enacted Ordinance No. 419-86, which established Independence County's Indigents' Defense Costs Fund. This Ordinance contains the funding and expenditure procedures for the Indigents' Defense Fund. This Ordinance provides:

SECTION 1. Under the provisions of Act 695 of the 1983 Arkansas Legislative Session, there is hereby authorized an *Indigents' Defense Costs Fund* which will be used to defray the allowable costs incurred in the defense and trial of indigents in this county and for indigents in this County against whom involuntary commitments for insanity or alcoholism are sought.

SECTION 2. A. Effective on passage and approval of this Ordinance, the Chancery, Circuit and Probate Clerks are hereby authorized and directed to add the sum of Five Dollars ($5.00) to the filing fees and costs for all cases, civil or criminal, filed in these Courts.

B. Fees so collected are to be paid to the Independence County Treasurer by the twenty-fifth day of the following month and the Treasurer will create and maintain an account with these fees which will be entitled the *Indigents' Defense Costs Fund.*

C. All payments out of the *Indigents' Defense Costs Fund* will be for the payment of indigent expenses to include, but not limited to, attorney's fees, expert witnesses fees, investigation and other reasonably necessary costs incurred in the defense and trial of indigent persons in any Court in which the fees listed above are collectable.

SECTION 3. A. Attorneys appointed to represent indigents are required to keep an accurate, detailed accounting of the amount of time and nature of their services and their expenses for each case with expenses being defined as meaning any expenditure other than witness fees and investigator fees.

B. Prior to obtaining the services of any investigator or expert witness, the attorney will secure the written approval of their services and fees from the Court in which the matter is pending.

C. At the conclusion of the case involving the indigent, or at such other times as shall be appropriate, the attorney will submit his time and expense schedule along with the expenses incurred by any expert witness or investigator to the Court hearing the matter.

SECTION 4. A. The amount allowed for investigation expenses and for expert witness fees together shall not exceed One Hundred Dollars ($100.00) and the amount of the attorney's fees and expenses shall not be less than Twenty-Five Dollars ($25.00) nor more than Three Hundred and Fifty Dollars ($350.00), based upon the experience of the attorney and the time and effort devoted and the expenses incurred by him in the preparation and trial of the indigent.

B. In any event, no more than Four Hundred and Fifty Dollars ($450.00) for all fees and expenses and costs shall be paid from the *Indigents' Defense Costs Fund*, for any single indigent on any one (1) case pending against such indigent person.

C. No costs incurred prior to the passage of this ordinance shall be paid from the *Indigents' Defense Costs Fund*.

SECTION 5. Upon being presented with such schedule as set out in Section 3(C) above, the Court shall determine the amount of fee and expenses to be paid to the attorney and an amount for a reasonable and adequate investigation of charges made against the indigent and a reasonable amount for expert witness fee, and issue an order for the payment thereof.

SECTION 6. Upon being furnished with copy of the Court's order for payment of the aforementioned fees and expenses, the County Judge shall review the order and, subject to his approval, the County Treasurer shall disburse such fees to the appropriate parties.

The provisions of the fund limit the amounts that may be paid for any single indigent on any one (1) case to four hundred and fifty dollars ($450.00). This limitation is invalid under our decision in *Kemp*. The provisions of Independence County Ordinance No. 419-86 concerning the payment of attorney's fees and costs for indigent defendants are substantially similar to the provisions providing for payment of indigent defense fees and costs contained in section 16-92-108. The fee caps contained in Independence County Ordinance No. 419-86 are an integral part

of the Ordinance just as the fees caps contained in Ark. Code Ann. § 16-92-108 were an integral part of that statute. Having previously determined that the invalidation of the fee caps in section 16-92-108 by *Kemp* required that we invalidate the entire statute since the fee caps were an integral part of the statute and were not severable, we must similarly determine that our invalidation of the fee caps contained in Independence County Ordinance No. 419-86 requires us to invalidate the entire ordinance.

This leaves us with no provisions requiring the county to pay defense attorney fees of counsel appointed to defend indigent defendants. In the absence of statutory requirements we must look to the Constitution of the United States and the State of Arkansas to determine who is responsible for payment of indigent defense fees in Arkansas. The United States Constitution mandates that states appoint counsel for indigent defendants. *Gideon* v. *Wainwright*, 372 U.S. 335 (1963). The Constitution of the State of Arkansas requires the court to appoint counsel for indigent defendants. *Therman* v. *State*, 205 Ark. 376, 168 S.W.2d 833 (1943); Ark. Const. art. II, § 10. While attorneys in Arkansas have been appointed to defend indigent defendants since our current constitution was adopted in 1874, they were not compensated for their services to indigent defendants until 1953. *Mears* v. *Hall*, 263 Ark. 827, 569 S.W.2d 91 (1978). At that time, the legislature delegated the responsibility of payment of indigent defense fees to the counties by statute. *See* Ark. Stat. Ann. § 43-2415, -2416 (Repl. 1964). Since that time, several statutes have been enacted by the legislature requiring the counties to pay indigent defense fees. It was not until 1985 that the legislature placed partial responsibility for payment of indigent defense fees on the state. Ark. Code Ann. § 16-92-108. But, now that we have determined that our decision in *Kemp* requires us to invalidate section 16-92-108 and Independence County's Indigents' Defense Costs Fund, there remains no statutory authority for placing the payment of Mr. Jones' fees on the county. However, we have recently held that appointment of counsel in criminal cases results in a taking of the appointed counsel's property for which he must be justly compensated, so even though there exists no statutory authority for awarding attorneys fees and expenses to counsel who represent indigent defendants, it is constitutionally required. *Kemp*, 306 Ark. 294,

813 S.W.2d 770. As we have recognized before, the "statute imposes a burden upon the count[y] to pay fees to attorneys representing indigents which the count[y] would not be responsible for otherwise." *State* v. *Conley*, 270 Ark. 139, 141, 603 S.W.2d 415, 416 (1980). Payment of fees to attorneys representing indigents is a responsibility of the state which the legislature had delegated to the counties by statute. Since there no longer is a statute delegating this duty to Independence County, the state is responsible for payment of Mr. Jones' fees and expenses.

The portion of the trial court's order assessing responsibility for the payment of $450.00 of Mr. Jones' award to the county and the remainder to the state is modified to place full responsibility for payment of the award to Mr. Jones on the state.

Affirmed as modified and remanded for further proceedings consistent with this opinion.

HOLT, C.J. and BROWN, J., concur.

DUDLEY, HAYS, and NEWBERN, JJ., dissent.

ROBERT L. BROWN, Justice, concurring. Though I agree with the majority that the responsibility for payment of legal fees in this capital murder case rests with the state, I do not agree that this court struck down the fee cap statute, Ark. Code Ann. § 16-92-108 (1987), as unconstitutional on its face in *Arnold* v. *Kemp*, 306 Ark. 294, 813 S.W.2d 770 (1991). On the contrary, in *Kemp* we held: "[W]e must find that section 16-92-108 does not pass constitutional muster, *as applied*." 306 Ark. at 304, 813 S.W.2d at 776. (Emphasis added.)

The fee cap statute is also unconstitutional as applied to the facts of the present case for the same reasons as those set forth in *Arnold* v. *Kemp, supra.* And the Independence County Ordinance adopted pursuant to Ark. Code Ann. § 14-20-102 (Supp. 1991) is inoperable in this case because it contemplates payment of capped legal fees under § 16-92-108. In the absence of clear direction from the General Assembly as to which political entity, state or county, is liable for legal fees under these circumstances, I turn to the State Constitution for guidance.

There is no question that the crime committed in this instance is a crime against the state and that the right to counsel is

provided by the State Constitution in Article 2, Section 10, as interpreted, and not because of some conferment of rights by Independence County. With that right goes a price tag. I would assess payment of the price for legal services against the State of Arkansas because that is where the right has its origin, and there is no effective legislative pronouncement to the contrary.

HOLT, C.J., joins.

ROBERT H. DUDLEY, Justice, dissenting. We have granted "expedited appeal" status to this significant case. The issue is whether the State or a county has the burden of financing the indigent criminal defense system at the trial court level. The plurality and concurring opinions hold that the State is the governmental entity to bear the burden. While that result might be desirable, it does not comport with our law, and, accordingly, I dissent.

William Thomas Reager, an indigent, was charged with capital felony murder in the Circuit Court of Independence County. The Circuit Court appointed Jerry Post and Oscar Jones as counsel for the accused. The attorneys devoted a considerable amount of time to the case and, under the fee cap provisions of Ark. Code Ann. § 16-92-108 (1987), would have been entitled to a fee of only $1,000.00 each, plus reimbursement of up to $100.00 for expenses. However, during the time they were preparing the defense, this court decided the case of *Arnold* v. *Kemp*, 306 Ark. 294, 813 S.W.2d 770 (1991), in which we held that "[u]nder the circumstances of this case, the expense and fee 'caps' contained in section 16-92-108 [are] unconstitutional." *Id.* at 295, 813 S.W.2d at 771.

Conclusive evidence showed that Reager was not guilty of the crime, and the charge ultimately was dismissed. Each of the attorneys petitioned the circuit court to certify the amount of his fee to the County Court of Independence County. On hearing Post's petition, the circuit court certified to the county court an attorney's fee of $40,385.29 and directed the county to pay the amount certified. The County paid Post's fee in full, and his fee is not at issue. On hearing Jones's petition, the circuit court ruled that Jones was entitled to a fee of $22,986.00 and to $602.85 as reimbursement for expenses. Unlike its ruling on Post's petition, the circuit court ruled on this petition that Independence County

would be liable for only $450.00 of the attorney's fee and expenses and that the State would be liable for the remaining $23,138.85. At that point in the proceeding, the Attorney General was given notice and was allowed to intervene. The Attorney General petitioned the court to modify its ruling, but the circuit court refused to do so. The Attorney General, on behalf of the State, appeals. The primary issue is whether a county or the State must pay the attorney's fee and expenses for the defense of an indigent in a criminal case.

The plurality opinion holds that the responsibility for payment of the attorney's fee and expenses is for the State to bear, but the reasoning for that conclusion is not clear. The crux of the holding is in the last half of the penultimate paragraph, which provides:

> [T]here remains no statutory authority for placing the payment of Mr. Jones' fee on the county. However, we have recently held that appointment of counsel in criminal cases results in a taking of the appointed counsel's property for which he must be justly compensated, so even though there exists no statutory authority for awarding attorneys fees and expenses to counsel who represent indigent defendants, it is constitutionally required. *Kemp*, 306 Ark. 294, 813 S.W.2d 770. As we have recognized before, the "statute imposes a burden upon the count[y] to pay fees to attorneys representing indigents which the count[y] would not be responsible for otherwise." *State v. Conley*, 270 Ark. 139, 141, 603 S.W.2d 415, 416 (1980). Payment of fees to attorneys representing indigents is a responsibility of the state which the legislature had delegated to the counties by statute. Since there is no statute delegating this duty to Independence County, the state is responsible for payment of Mr. Jones' fee and expenses.

The plurality opinion simply says there is a statutory void, and, therefore, the expense must fall on the State. There is no reasoning. The plurality opinion could just as well have provided that there is a statutory void, and, therefore, the expense must fall on the county. However, there are sound reasons for a different holding in this case, and those are found in constitutional provisions and the doctrine of the inherent power of courts.

The Constitution of the United States mandates that counsel be appointed for indigent defendants. *Gideon* v. *Wainwright*, 372 U.S. 335 (1963). Article 2, section 10 of the Constitution of the State of Arkansas provides that an accused has the right to "be heard by himself and his counsel," and Article 2, section 8 provides that no person may "be deprived of life, liberty or property, without due process of law." It is beyond question that the federal and state Constitutions together mandate that an indigent defendant cannot be tried for a felony or serious misdemeanor without assistance of counsel. If some governmental entity does not provide counsel for an indigent defendant, the state may not try that person for the commission of a crime.

The plurality opinion seems to imply that the state constitution provides the State will pay counsel for an indigent defendant. No citation of authority is given, and this court has previously said there was no such provision. Our most recent statement on this subject was in 1980, and we wrote: "At common law there were no provisions for payment for those attorneys appointed to defend indigents. *See also, Pickens* v. *State*, 301 Ark. 244, 783 S.W.2d 341 (1990). Neither the state nor the federal Constitutions make provisions for payment of attorneys in such cases." *State* v. *Ruiz & Van Denton*, 269 Ark. 331, 333, 602 S.W.2d 625, 626 (1980). In sum, there is no constitutional provision that mandates that the State must pay the fee of an attorney representing an indigent defendant.

Neither the state nor the federal Constitution contemplates a person being discharged from the commission of a crime solely because he or she is indigent. It seems unassailable that both the federal and state Constitutions contemplate that the trial court will provide counsel for an indigent defendant, but neither provides the manner of payment. Since there is no provision for the payment of attorney's fee, the trial court must exercise its inherent power to order such payment.

In *Abbott* v. *Spencer*, 302 Ark. 396, 790 S.W.2d 171 (1990), we discussed the doctrine of inherent power of the court as follows:

> The doctrine, in summary, is that the constitution mandates that there be three separate but equal branches of government, and therefore, inherent in the constitution is

the principle that when one of the other branches of government fails to fund a court that court has the power to order those acts done which are necessary and essential for the court to operate.

*Id.* at 398, 790 S.W.2d at 172.

In *Turner, Ex Parte*, 40 Ark. 548 (1883), we discussed the requirement that a county supply a court house for the circuit court, and wrote:

If no court-house, or an insecure one, is provided, the Circuit Court by virtue of that inherent authority which all Courts of record possess, might cause convenient apartments to be procured elsewhere in the town for the time being, the expense of which could be certified down to the County Court and payment ordered of the incidental expense of holding Court.

*Id.* at 551.

In other cases we have said that a court has the inherent power to command an orderly, efficient, and effective administration of justice, *Burns* v. *State*, 300 Ark. 469, 780 S.W.2d 23 (1989); to punish for contempt in the court's presence, *Gatlin* v. *Gatlin*, 306 Ark. 146, 811 S.W.2d 761 (1991); to adopt rules of evidence, *Ricarte* v. *State*, 290 Ark. 100, 717 S.W.2d 488 (1986); to order remittitur, *Martin* v. *Rieger*, 289 Ark. 292, 711 S.W.2d 776 (1986); to modify a judgment within ninety days, *Blissard Management & Realty, Inc.* v. *Kremer*, 284 Ark. 136, 680 S.W.2d 694 (1984); to deal with insanity matters incidental to criminal law, *Schock* v. *Thomas*, 274 Ark. 493, 625 S.W.2d 521 (1981); to award alimony during period when controlling statute was unconstitutional, *Sweeney* v. *Sweeney*, 267 Ark. 595, 593 S.W.2d 21 (1980); to make rules of procedure, *Miller* v. *State*, 262 Ark. 223, 555 S.W.2d 563 (1977); to appoint a special prosecutor when the prosecuting attorney is implicated in a crime, *Weems & Owen* v. *Anderson*, 257 Ark. 376, 516 S.W.2d 895 (1974); to make rules for the guidance of court clerks, *Christy* v. *Speer*, 210 Ark. 756, 197 S.W.2d 466 (1946); to disbar an attorney, *Hurst* v. *Bar Rules Committee*, 202 Ark. 1101, 155 S.W. 697 (1941); and to direct the selection and summoning of a petit jury at a special term, *Norrid* v. *State*, 188 Ark. 32, 63

S.W.2d 526 (1933). In the absence of a statute providing for payment of a court-appointed attorney, the trial court would have the inherent authority to order, as a necessary expense of court, that a reasonable fee be paid the attorney.

The inherent power of a court is to be exercised in a conservative manner and only in those areas that are vital for the proper functioning of a court. *Turner, Ex Parte,* 40 Ark. 548 (1883). A court should look to legislation for guidance, when possible, in the manner of exercising inherent power.

The state constitution, and statutes providing for courts, lead one to the conclusion that the trial court, pursuant to its inherent power, should have ordered the county to pay the attorney's fee. Under the Arkansas Constitution, judicial officers, as one department of state government, are state constitutional officers and, as such, are to be paid by the State. *Cotham* v. *Coffman,* 111 Ark. 108, 163 S.W. 1183 (1914); Ark. Const. art. 19, § 11 (as amended by Amendment 43). Prosecuting Attorneys are constitutional state officers acting in a quasi-judicial capacity and likewise are to be paid by the State. *Smith* v. *Page,* 192 Ark. 342, 91 S.W.2d 281 (1936). The remuneration of all other circuit court officers and employees is controlled by statute and has traditionally been paid by the counties. In 1981, court reporters of circuit and chancery courts were made state employees, *see* Ark. Code Ann. § 16-13-501 (1987), but, under the applicable statutes, all others remain county employees. The deputy prosecuting attorney is a county employee, *see, e.g.,* Ark. Code Ann. § 16-21-2004 (1987); the public defender is a county employee, *see* Ark. Code Ann. § 16-87-107 (Supp. 1991); the circuit clerk is a county employee, Ark. Code Ann. § 14-14-1204 (Supp. 1991); the sheriff or bailiff is a county employee, *see, e.g.,* Ark. Code Ann. § 16-13-1413 (Supp. 1991); the circuit court's secretary is a county employee, *see, e.g.,* Ark. Code Ann. § 16-13-1411 (Supp. 1991); the circuit court's probation officer is a county employee, *see, e.g.,* Ark. Code Ann. § 16-13-1412 (Supp. 1991); the circuit court's field investigator is a county employee, *see, e.g.,* Ark. Code Ann. § 16-13-1418 (1987); the circuit court's case coordinator is a county employee, *see, e.g.,* Ark. Code Ann. § 16-13-1409 (Supp. 1991); the circuit court's law clerk is a county employee, *see, e.g.,* Ark. Code Ann. § 16-13-1410 (Supp. 1991).

The courthouse, which is just that, a building where the circuit court is housed, must be provided by the county. *See* Ark. Code Ann. § 14-19-108 (1987). The county also pays for the utilities necessary for the courtroom and for the books and stationery for the circuit judge. Ark. Code Ann. § 16-10-123 (1987). In addition, the county is responsible for holding all prisoners before trial. Ark. Code Ann. § 12-41-509 (1987).

The statutes applying to the payment of attorneys' fees are equally clear. Until the middle of this century attorneys were required by case law to represent indigent defendants without remuneration. In 1953, the General Assembly modified that policy and, by Act 276 of 1953, provided that when a circuit court appointed an attorney to defend an indigent defendant, the circuit judge could order the *county* to pay not less than $25.00, nor more than $250.00, for the attorney's services. The next legislation, Act. 246 of 1977, Ark. Code Ann. § 16-92-108 (a), (b)(1), (3), and (c)(1) (1987), raised the amount of attorneys' fees that could be paid by the *county*. These are the "fee cap" statutes.

Act 24 of 1979, Ark. Code Ann. § 16-92-109 (1987) as now amended, allows a county to apply to the state for *reimbursement* of certain costs incurred by the county in conducting felony trials. The purpose of the statute is primarily to *reimburse* counties for witness and juror fees and mileage, but *expressly exempted from reimbursement are "salaries and expenses" of "court appointed attorneys."* Ark. Code Ann. § 16-92-109 (a)(2) (1987). There is not now, nor has there ever been, a statute that provides that the State shall pay the salaries and expenses of court-appointed attorneys. Rather, the "fee cap" statutes provided that the county would pay those salaries and expenses, and Ark. Code Ann. § 14-20-102 (1987) provides that a county may "provide for the creation of a fund to be used for the sole purpose of paying reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses" by assessing $5.00 court costs in each civil and criminal case filed in the county. If the county does not wish to pay court-appointed attorneys on an individual attorney basis, it can create and fund the office of public defender. Ark. Code Ann. § 16-87-102, 107 (1987 & Supp. 1991).

The above cited statutes together provide that the county shall bear the cost of holding circuit court, except for the salaries of the judiciary and quasi-judicial employees, and the salary of the court reporter. This is because "[c]ounties are civil divisions of the State, for political and judicial purposes, and are its auxiliaries and instrumentalities in the administration of its government." *Cole* v. *White County*, 32 Ark. 45, 51 (1877).

The case of *St. Francis County* v. *Cummings*, 55 Ark. 419, 18 S.W. 461 (1892), provides guidance in how the inherent power should be exercised in the case at bar. In that case a decomposed body was found, and the county coroner asked a physician named Cummings to conduct a post mortem examination in order to determine the cause of death. The doctor conducted the examination and submitted a claim of $125 to the county for services. Just as in the case at bar, there was no statute authorizing the county to pay such a claim, and the county court therefore disallowed the claim. The doctor appealed to circuit court, and that court ordered the claim paid. The county appealed to this court, and we affirmed the circuit court even though no statute specifically required the county to allow the claim. In language that fits the case at bar, we wrote, "*As a rule the counties are responsible for the expenses of the administration of the criminal laws. Both justice and policy demand an adherence to the rule. . . .*" *Id.* at 422, 18 S.W. at 461 (emphasis added).

Another case also provides some guidance in how the inherent authority should be exercised. In *Jefferson County* v. *Hudson*, 22 Ark. 595 (1861), the sheriff was required to summon witnesses to appear before the grand jury, and he asked for fees for so doing. (At that time county officers were on a fee system.) No statute provided for such fees. The dispute ultimately reached this court, and we wrote:

> The fees for summoning witnesses to appear before the grand jury, not being taxable costs in any particular criminal case, are part of the public expense of carrying on the Circuit Court, like the expense of furnishing fuel, stationery, &c., &c., and are payable out of the county treasury; and upon a fair construction of sections 30, 31, 32, 33, 34, *chap. 50, Gould's Digest*, we think it is the province of the Circuit Court, in which the expenses occur,

> to audit and adjust the accounts of the sheriff and clerk therefor, and to certify them to the County Court for allowance, and that the County Court has no authority to reject or reduce a claim so authenticated for such expenses.

*Id.* at 600.

It may be that the General Assembly ought to enact a statute placing the burden on the State for paying attorneys' fees for indigent defendants, but, until it chooses such course, it seems clear that under the inherent power of the trial court, the trial court should order the county to pay the uncapped fee. This reasoning comports with the facts that a majority of counties have already established public defender programs, and are currently paying for them, and the fact that a smaller number of counties, such as Independence County, now collect court fees to pay attorneys for defending indigent defendants. Yet, under the plurality and concurring opinions, the counties are not liable for the fees of attorneys who defend indigents. I dissent.

HAYS and NEWBERN, JJ., join in this dissent.