Billy PHILLIPS and Tina Phillips *v.* ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 98-1274                                    980 S.W.2d 276

Court of Appeals of Arkansas

Opinion delivered December 9, 1998

*Christine Horwart,* for appellants.

No response.

P ER CURIAM. ▮▮▮ We hereby grant the motion of
the appellants to proceed *in forma pauperis* and write
simply to say that by granting the motion, we are not granting
attorney fees. In *Webber v. Arkansas Dept. of Human Services,* 334
Ark. 527, 975 S.W. 2d 829 (1998), the supreme court refused to
allow attorney fees because the appellant in that case failed to cite
any authority in support of the petition for attorney fees in an
appeal from juvenile court. We would, of course, follow its man-
date. However, the decision in *Post v. State,* 311 Ark. 510, 845
S.W. 2d 487 (1993), a case involving attorney fees for indigent
criminal defendants, mandated payment of reasonable attorney
fees for appointed attorneys in criminal cases. Though the nature
of the proceedings is different, i.e., one is criminal and one civil,
the juvenile code requires an appointment of counsel in termina-
tion cases. The cases appear in conflict and only the Supreme
Court can give guidance to attorneys as to whether or not they
will be paid for their appellate representation of indigent parents
who lose their parental rights.