Jimmy ABBOTT, Et Al. *v.* James V. SPENCER III, Circuit/Chancery Judge, Thirteenth Judicial District

89-309                                                  790 S.W.2d 171

Supreme Court of Arkansas
Opinion delivered June 4, 1990

*Shackleford, Shackleford & Phillips, P.A.*, for petitioners.

*Steve Clark*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for respondent.

ROBERT H. DUDLEY, Justice. The respondent, a circuit and chancery judge for the Thirteenth Judicial District, which is comprised of Dallas, Calhoun, and Cleveland Counties, issued an order setting the salaries of the judicial district's probation officer and intake officer at $18,000.00 per year. Petitioners, the members of the Dallas County Quorum Court, voted to pay Dallas County's share of the salary, but at the rate of only $15,000.00 per year. Respondent then ordered petitioners to show cause why they should not be held in contempt for not complying with his order. Petitioners moved this court for a writ of prohibition. We granted a temporary writ and now make that writ permanent.

Act 273 of 1989, the Juvenile Code of 1989, codified as Ark. Code Ann. §§ 9-27-301 to -344 (Supp. 1989), provides in Section 7, Ark. Code Ann. § 9-27-308, that the judge of the juvenile court, which respondent is, shall appoint at least one intake officer and at least one probation officer as personnel of the court. Act 418 of 1989, codified at Ark. Code Ann. §§ 16-13-327 and 328 (Supp. 1989), implements the provision of Section 7 of Act 273. It

provides that the juvenile intake and probation officers are to be employees of the juvenile division of chancery court. Their salaries are to be paid by the counties until August 1, 1990, when the State will begin paying a portion of the salaries. Unfortunately, the Act inadvertently fails to fix the amount of these salaries.

Petitioners argue that respondent did not have the authority to set the salaries of the probation and intake officers, and therefore, is without authority to hold them in contempt for failure to appropriate the money to pay those salaries. The argument is meritorious.

The Constitution of the State of Arkansas provides for three separate but equal branches of government. Ark. Const. Art. 4, § 1. The legislative branch is to fix the amount of salaries. Ark. Const. Art. 16, § 4. One branch of government shall not exercise any power belonging to another branch, except as expressly permitted by the constitution. Ark. Const. Art. 4, § 2. Thus, judges do not have the authority to set salaries of court personnel, unless that authority has been properly delegated to them by the legislative branch. *Venhaus* v. *State*, 285 Ark. 23, 684 S.W.2d 252 (1985); *Pulaski County ex rel Mears* v. *Adkisson*, 262 Ark. 636, 560 S.W.2d 222 (1978). Act 418 does not delegate that authority to judges and, therefore, under our constitution, the respondent does not have the authority to fix these salaries. If we were to accept respondent's theory of the case, a judge would have the unbridled discretion to hire as many officers as he desired at salaries of $18,000.00, or $80,000.00 or more per year. Quite simply, that is not our law.

Respondent argues that a judge has the power to order expenses paid which are necessary and essential for a court to operate. This is often referred to as the inherent power of the court doctrine, but it is not applicable to this case. The doctrine, in summary, is that the constitution mandates that there be three separate but equal branches of government, and therefore, inherent in the constitution is the principle that when one of the other branches fails to fund a court that court has the power to order those acts done which are necessary and essential for the court to operate. *See Turner, Ex Parte*, 40 Ark. 548 (1883). Here, the petitioners have not failed to fund the court; they have

funded the court, and there is no showing that the level of funding is so low that the court cannot effectively operate. Thus, the inherent authority doctrine does not apply. Accordingly, the writ is made permanent prohibiting respondent from holding a hearing to determine if petitioners are in contempt.

Petitioners present other points of appeal, but it is not necessary that we rule on them. Respondent invites us to overrule *Venhaus* v. *State, supra,* and, in effect, give judges unbridled authority to set salaries of court personnel. We decline the invitation.

Writ granted.

HOLT, C.J., and GLAZE, J., concurring.

TOM GLAZE, Justice, concurring. Uncharacteristically, the court refuses to rule Act 418 of 1989 unconstitutional, even though that Act clearly fails to meet the dictates of Ark. Const. Art. 16, § 4, which provides as follows:

> The General Assembly shall fix the salaries and fees of all officers in the State, and no greater salary or fee than that fixed by law shall be paid to any officer, employee or other person, or at any rate other than par value; and the number and salaries of the clerks and employees of the different departments of the State shall be fixed by law.

Act 418 fails to fix the salaries of the probation and intake officers for the respective juvenile divisions of our chancery courts. In fact, the Act is so vague that one cannot tell by its language how many officers can be hired or how much those officers can be paid. There is simply no limiting language provided.

This court should hold Act 418 unconstitutional; instead it timidly cites *Venhaus* v. *State,* 285 Ark. 23, 684 S.W.2d 252 (1985), and *Pulaski County ex rel Mears* v. *Adkisson,* 262 Ark. 636, 560 S.W.2d 222 (1978), and says simply that the respondent chancery judge did not have the authority to fix the $18,000 annual salaries he did when acting under Act 418. The judge is left now to look to the quorum courts in his judicial districts to underwrite whatever salaries they will for his state court officers.

This case reflects merely another saga that perpetuates, rather than resolves, the problems that arise because the General Assembly creates state court positions that eventually become funded by the counties. Questions, legal and administrative, continue to hover over these county funded state court position situations. Whether the state actually has authority to require counties to pay salaries for such state positions remains undecided. *See Beaumont* v. *Adkisson*, 267 Ark. 511, 593 S.W.2d 11 (1980). Also remaining unanswered is whether a court can order a county to pay expenses regarding the administration of justice where the county refused to pay those necessary expenses. *Id.*

Nonetheless, the General Assembly added to these questions by its enactment of Act 418, which establishes state court probate and intake officers to be chosen by juvenile judges and to be paid for by the respective counties. As previously noted, the Act contains no limiting provision regarding (1) the number of officers that may be provided a judge or (2) the salary amount each officer may be paid. Our court adds to the existing questions surrounding these state/county positions by choosing to ignore the unconstitutionality of Act 418, its vagueness and the confusion it presently causes judges and quorum courts. These problems will never be resolved so long as we allow unconstitutional laws, such as Act 418, to remain in effect. This court should do its job and rule Act 418 unconstitutional. The General Assembly then should meet its constitutional obligation under Ark. Const. Art. 16, § 4, and fix and fund the state court positions that it is required to establish under our state's constitutional and statutory laws.

HOLT, C.J., joins this concurrence.