The Honorable Tom Kennedy Prosecuting Attorney Fifth Judicial District P.O. Box 3080 Russellville, AR 72811
Dear Mr. Kennedy:
This is in response to Deputy Prosecuting Attorney James V. Coutts' request for an opinion on the following questions:
 1. Are the 5th Judicial District Juvenile Probation Officers and other persons who work for the Juvenile Court considered to be County employees who are subject to the personnel policies of the counties for which they work, including but not limited to, sick leave, leave of absence, and documentation of work hours?
 2. Are the Quorum Courts of the counties of the 5th Judicial District required to provide the same benefits to the 5th Judicial District Juvenile Court employees that are provided to regular County employees?
Mr. Coutts notes that the salaries of the probation officers are paid in part by Pope County, Johnson County, and Franklin County, and that the officers are currently receiving benefits including, but not limited to, vacation pay, overtime pay, group insurance coverage, holiday pay, and retirement contributions.
It must be initially recognized in addressing these questions that the general status of juvenile court probation officers as either state or county employees is not squarely addressed under state law. Regarding "other persons who work for the Juvenile Court," this would have to be considered case by case, with reference to the particular position(s) in question. Regarding juvenile probation officers, A.C.A. § 16-13-327(b) (Repl. 1994) states that "[e]ach [juvenile] probation officer shall be anemployee of the juvenile division of chancery court and shall serve at the pleasure of the judge of the juvenile division."[1] (Emphasis added.) See also Abbott v. Spencer, 302 Ark. 396, 397, 788 S.W.2d 743
(1990) (regarding juvenile probation officers and intake officers as "personnel of the court" and "employees of the juvenile division of the chancery court.") I have thus previously opined that juvenile probation officers are perhaps most accurately identified generally as court employees who are paid by the counties.[2] See Op. Att'y Gen. 92-073
(noting that "[t]he status of case coordinators and probation officers as either state or county employees is not squarely addressed under state law.")[3]
One might contend, of course, that the county's payment of the juvenile probation officers' salaries is a "very strong circumstance" showing that they are county employees. See generally McDaniel v. Moore,196 Ark. 201, 208, 118 S.W.2d 272 (1938). See also generally Op. Att'y Gen. 85-168 (opining that it is appropriate for court employees in the Sixth Judicial District to be covered by the county policy regarding sick leave, annual leave, etc., because the county pays their salaries). Nothwithstanding that argument, however, it remains unclear, in my opinion, whether these particular employees would thereby automatically be deemed subject to all of the county personnel policies, in light of the legislative pronouncement that "[e]ach probation officer . . . shall serve at the pleasure of the judge of the juvenile division." A.C.A. § 16-13-327(b).
Thus, in response to your first question, while the county's payment of juvenile probation officers' salaries probably supports the general application of county personnel policies to those positions, particular policies or practices may have to yield in the event of a conflict with the judge's authority to direct the service of these employees.
With regard to your second question concerning employee benefits, I find no specific statutory or case law authority which addresses the status of juvenile probation officers in the context of benefits coverage. Compare
A.C.A. §§ 16-13-1409(4), 16-13-1410(d)(5), and 16-13-1412(e)(4) (pertaining to certain court personnel in the Sixth Judicial District and requiring that they be treated "in the same manner as other Pulaski County employees for all other purposes.") Legislative clarification may therefore be indicated in order to clearly establish their status in this regard.
You have stated that the probation officers are currently receiving benefits, presumably through the counties. A previous administration of this office concluded, with regard to a similar situation involving court employees in the Sixth Judicial District, that coverage of the employees under the county health insurance plan and as county employees under the state retirement system was appropriate because the county paid their salaries. Op. Att'y Gen. 85-168 at 2. It was further stated in that opinion:
 This is probably the only feasible way to handle the situation under the current system where the County is responsible for the salaries and benefits of these employees. Any change in the system must be accomplished through the legislative system.
Id.
In the absence of a clear basis for denying the same county benefits to the juvenile probation officers whose salaries are paid by the counties, I must agree that their continued coverage as county employees is probably appropriate.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] In the Fifth Judicial District, the circuit-chancery judge is the judge of the juvenile division of chancery court. See A.C.A. § 16-13-1303
(Repl. 1994); see also A.C.A. § 16-13-604 (Repl. 1994).
[2] The county is reimbursed by the state for a portion of the salary of a certified, full-time juvenile probation officer whose salary has been paid by the county for one year. A.C.A. § 16-13-327(d) (Repl. 1994).
[3] It should be noted, however, that the legislature in 1993 addressed the status of circuit court adult probation department employees,
providing that those employed on June 30, 1993, whose salaries are paid in whole or part with state aid, shall be deemed state employees. Acts 1993, No. 953, § 14 (see Publisher's Notes to A.C.A. § 12-27-134 (Repl. 1995). See also A.C.A. § 16-13-1412(e)(4) (Repl. 1994), regarding those circuit court probation officers in the Sixth Judicial District who "shall be treated by Pulaski County in the same manner as other Pulaski County employees for all other purposes."