The Honorable Jack Critcher State Representative Post Office Box 79 Grubbs, Arkansas 72431-0079
Dear Representative Critcher:
This is in response to your request for an opinion concerning juvenile court probation officers. In your letter, you indicate that the audit of Poinsett County for the year ending December 31, 1995, revealed unaccounted for funds in the amount of $2,277.75 which were retained by two juvenile court probation officers.[1] You further indicate that only one of the individuals is currently employed as a probation officer, and the audit indicates he retained $2,096.25 that should have been deposited in the general fund of Poinsett County. In light of these facts, you have presented the following questions:
 1. Does the county have any disciplinary authority over these officers and if so what?
 2. Must the county continue paying the officer's salary if he continues to refuse to pay the unaccounted for funds?
It is my opinion that the answer to your first question is generally "no," and the answer to your second question is "yes."
Question 1 — Does the county have any disciplinary authority over theseofficers and if so what?
Arkansas Code Annotated § 16-13-327(b), as amended by Act 1171 of 1997, provides that "Each [juvenile] probation officer shall be an employee of the juvenile division of chancery court and shall serve at the pleasure of the judge of the juvenile division." See also Abbott v. Spencer,302 Ark. 396, 790 S.W.2d 171 (1990) (probation officers are to be employees of the juvenile division of chancery court). In Opinion No. 96-319 (copy enclosed), I opined that juvenile court probation officers are perhaps most accurately identified generally as court employees who are paid by the counties.[2] I further stated that while the county's payment of salaries probably supports the general application of county personnel policies, particular policies or practices may have to yield in the event of a conflict with the judge's authority to direct the service of the probation officers.
In sum, probation officers are employees of the juvenile division of chancery court and serve at the pleasure of the judge of the juvenile division. It is, therefore, my opinion that the county generally has no disciplinary authority over juvenile court probation officers.[3]
Question 2 — Must the county continue paying the officer's salary if hecontinues to refuse to pay the unaccounted for funds?
As stated in my response to question one, the probation officer serves at the pleasure of the judge of the juvenile division. Arkansas Code Annotated § 16-13-327(d), as amended by Act 1171 of 1997, provides in part: "The salaries of the probation officers shall be paid by the county or counties in which the probation officer works . . ." (Emphasis supplied.) When the General Assembly uses the word "shall," a court will hold the effect is mandatory unless an absurdity would result. Hattison.v. State, 324 Ark. 317. 920 S.W.2d 849 (1996). Thus, it is my opinion that the county must continue to pay the salary of the probation officer.[4]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It is my understanding that it is unclear whether Poinsett County or the probation officers are ultimately entitled to the funds in question (reimbursements for transporting juvenile prisoners). Whether the funds were improperly retained by the juvenile court probation officers presents a question of fact which cannot be answered in an Attorney General opinion.
[2] The county is reimbursed by the state for a portion of the salary.See A.C.A. § 16-13-327(d) and § 16-13-331 (Act 321 of 1997).
[3] The county may, however, have other options for recovering the funds such as a civil lawsuit or a criminal action. It is also my understanding that bond coverage was provided by the Arkansas Fidelity Bond Trust Fund; therefore, the particular bond provisions should be reviewed. I suggest that the county judge and quorum court consult with the county attorney or other counsel to whom the county ordinarily looks for advice.
[4] It should be noted that A.C.A. § 16-13-327 fails to establish the amount of the salaries of the probation officers. In your letter, you indicate that the authority to set the compensation "constitutionally remains with the county legislative branch" pursuant to Abbott v.Spencer, 302 Ark. 396, 790 S.W.2d 171 (1990). In Abbot, the court concluded that judges do not have the authority to set salaries of court personnel, unless that authority has been properly delegated to them by the legislative branch. In a concurring opinion, Justice Glaze stated that § 16-13-327 is unconstitutional because it fails to fix the salaries of the probation officers. Id. Justice Glaze relied upon Ark. Const. Art. 16, § 4, which provides in part that the General Assembly shall fix the salaries of all officers in the State. Id.; see also Venhaus v.State, 285 Ark. 23, 684 S.W.2d 252 (1985).